[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 7, 2005
THOMAS  K. KAHN
CLERK

No. 04-15161
Non-Argument Calendar

D.C. Docket No. 03-80012-TP-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(June 7, 2005)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, defendant Joseph Turner appeals his federal sentence of 24 months' imprisonment, which was imposed for violating the conditions of his federal supervised release and which is to be served consecutively to his separate 20-year state sentence for bank robbery. On appeal, Turner challenges his consecutive federal sentence of 24 months' imprisonment under United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). After review, we affirm.

## I. BACKGROUND

### A. Underlying Offense

On January 10, 2000, Turner pled guilty in the Eastern District of North Carolina to bank robbery, in violation of 18 U.S.C. § 2113(a). The district court sentenced Turner to 46 months' imprisonment followed by three years' supervised release. On October 4, 2000, the United States moved for a reduction in Turner's sentence, pursuant to Federal Rule of Criminal Procedure 35(b), based on Turner's substantial assistance. The district court granted the motion and reduced Turner's sentence to 23 months' imprisonment on the federal bank robbery conviction. The district court left the three-year term of supervised release unchanged.

### B. Supervised-Release Violations

Turner served his amended prison term for the federal bank robbery conviction and began serving his supervised release term on March 14, 2001, in

the Southern District of Florida.  On September 26, 2002, Turner was arrested and charged with domestic battery in violation of Florida law.  The district court in the Eastern District of North Carolina ordered Turner to undergo placement in a community corrections center for 90 days.  On October 31, 2002, the district court in the Eastern District of North Carolina transferred jurisdiction of Turner's supervised release to the Southern District of Florida.

On July 22, 2003, a federal probation officer filed a petition in the district court in the Southern District of Florida alleging that Turner had violated the terms of his supervised release on the federal bank robbery conviction and recommending that Turner's supervised release be revoked.  The petition alleged that Turner had violated the conditions of his federal supervised release by: (1) being arrested and charged in state court with bank robbery in Florida on June 20, 2003; (2) being arrested and charged in state court with aggravated assault on a law enforcement officer, battery on a law enforcement officer, resisting arrest with violence, depriving a law enforcement officer of communication, and possession of marijuana; (3) leaving the judicial jurisdiction twice without first securing permission; and (4) committing bank robbery on June 5, 2003.

## C.    Revocation Hearing

On July 20, 2004, a magistrate judge held a revocation hearing on the July 22, 2003 petition. At the hearing, Turner admitted to all of the violations. On August 13, 2004, prior to his sentencing hearing, Turner filed an objection in the district court arguing that imposition and revocation of his federal supervised release were unconstitutional under Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

**D.      Sentencing Hearing**

On September 23, 2004, the district court held Turner's sentencing hearing. Turner first reasserted his Blakely claim, which the district court denied, noting that Blakely did not apply to the Guidelines. Turner's counsel then argued that the 18 to 24-month Guidelines range for his violations of his federal supervised release was excessive considering that Turner would be serving a 20-year state sentence on the bank robbery and other charges. In response, the district court stated:

> Well, he apparently hasn't gotten the message. He robbed banks before he went to jail, he got out, he robbed banks again. Apparently, he's committed to a career of robbing banks. . . .
>       This is kind of the reverse of what I usually see here. I usually see the state court being very lenient, and, you know, time after time just getting time served or probation. They come into federal court, and they get a serious sentence. Now what you're saying is he's got a serious

4

sentence in state court, so [the] federal court ought to give him a pass .
. . .

Additionally, the district court noted that Turner served only 19 months of his 23-month term of imprisonment on the first federal bank robbery conviction. The district court then formally revoked Turner's supervised release and sentenced Turner to a term of 24 months' imprisonment on his federal bank robbery conviction to run consecutive to his 20-year state sentence for separate bank robberies. In doing so, the district court stated that "a sentence within the guideline range is appropriate." Turner appealed.

## II. DISCUSSION

### A.    Mandatory v. Advisory Guidelines

On appeal, Turner argues that the district court was uncertain whether it had discretion to sentence Turner to a term of federal imprisonment concurrent with his 20-year state sentence. Turner contends that "based on this uncertainty, and in light of the Supreme Court's decision in Booker, which makes clear that the Federal Sentencing Guidelines are advisory only," this Court should remand for resentencing.

We first conclude that the district court was not "uncertain" about its discretion, and that it recognized that it had the authority to sentence Turner to a

term of imprisonment concurrent with his state sentence. During the sentencing

hearing, the following colloquy occurred:

> DEFENSE COUNSEL: Well, if you find that the guidelines are applicable, which you just ruled, then you know that the supervised release – the table itself is a policy statement that you don't have to follow. So you can just give him time served, or, you know, no sentence whatsoever to follow the 20 years in state.
> COURT: Or a concurrent, I guess.
> DEFENSE COUNSEL: Yes, you could do that. . . .
> COURT: Could I do that? Can I give a concurrent to the state?
> PROBATION: You can do that. The guidelines do recommend consecutive, though, Your Honor.
> COURT: All right.

Later, the district court specifically stated that the sentence it was imposing

was consecutive, not concurrent, as follows:

> Pursuant to the Sentencing Reform Act of 1984, it's the judgment of the Court that the Defendant, Joseph Benjamin Turner, is hereby . . . to be imprisoned for a term of 24 months, with no supervision to follow. That will not be concurrent, it will be consecutive to the state sentence.

Thus, the district court realized that it had the discretion to impose a

concurrent sentence, but instead chose to impose a consecutive sentence.[1]

---

[1]The commentary to Chapter 7 contains non-binding policy statements and states that a district court "may order [the] term of imprisonment to be served consecutively or concurrently to an undischarged term of imprisonment. It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." U.S.S.G., Chapter 7, Part B, Introductory Commentary.

Further, we conclude that the district court did not commit <u>Booker</u> error by sentencing Turner under a mandatory Guidelines scheme. Unlike the Guidelines at issue in <u>Booker</u>, the supervised-release provisions of the Guidelines were always advisory. U.S.S.G. Ch. 7 Pt. A(1), 3(a), § 7B1.4; <u>see</u> <u>United States v. Cook</u>, 291 F.3d 1297, 1301 (11th Cir. 2002) (noting that Chapter Seven of the Guidelines, applicable to revocation of probation and supervised release, contains nonbinding advisory policy statements, including a table with terms of imprisonment based on the grade of violation and defendant's criminal history, and stating that "[t]he Sentencing Commission has not yet promulgated any binding probation revocation guidelines; instead, the Sentencing Commission has opted for the flexibility of advisory policy statements, which are nonbinding on the courts").

**B.      Reasonableness**

Turner also argues that a 24-month federal sentence consecutive to a 20-year state sentence is unreasonable in this case based on application of the factors set forth in 18 U.S.C. § 3553(a). We disagree.

Upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of

imprisonment after considering certain factors set forth in § 3553(a).[2]  18 U.S.C. §

3583(e).  The sentencing court "shall state in open court the reasons for its

imposition of the particular sentence."  18 U.S.C. § 3553(c).

Prior to Booker, we reviewed a federal sentence imposed after revocation of

supervised release using the "plainly unreasonable" standard set forth in 18 U.S.C.

§ 3742(e)(4).  United States v. Scroggins, 910 F.2d 768, 769 (11th Cir. 1990).

However, in Booker, the Supreme Court excised § 3742(e)(4), which contained

standards of review, from the Sentencing Reform Act and replaced it with a

reasonableness standard.  Booker, 125 S. Ct. at 764-66.

Post-Booker, our sister circuits have determined that Booker's

reasonableness standard is the same as the now-excised "plainly unreasonable"

standard in § 3742(e)(4).  See United States v. Tedford, – F.3d – , 2005 WL

1023434, at *2 (10th Cir. May 3, 2005) ("Although the Supreme Court's decision

---

[2]Specifically, the district court must consider the following:
(1) the nature and circumstances of the offense and the history and characteristics of
the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of
the offense, to promote respect for the law, and to provide just punishment for the
offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the
public from further crimes of the defendant; and (D) to provide the defendant with
needed [treatment]; . . . (4) the kinds of sentence and the sentencing range established
for . . . (B), in the case of a violation of probation or supervised release, the
applicable guidelines or policy statements issued by the Sentencing Commission . .
. ; and (5) any pertinent policy statement issued by the Sentencing Commission.

18 U.S.C. § 3553(a).

8

in United States v. Booker altered our standard of review for most sentencing cases, the standard of review for cases where the defendant challenges the revocation of her supervised release remains the same."); United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005) ("[T]he new standard of review will not change the result in this case, because the new standard is actually the same as the one we would have used otherwise."); United States v. Fleming, 397 F.3d 95, 99 (2d Cir. 2005) (applying reasonableness standard of review in revocation of supervised release case after Booker). We agree and review Turner's sentence for reasonableness.

In sentencing Turner, the district court considered that Turner: (1) had committed several violations of his supervised release, including two more bank robberies; (2) had a propensity for committing bank robbery; (3) had received a light sentence for the underlying bank robbery offense; and (4) may not have to serve his entire 20-year state sentence. Further, the district court was aware that it could sentence Turner to a concurrent sentence, but that the non-binding Guidelines as to supervised-release revocations recommended a consecutive sentence. Based on the record, the district court adequately considered the § 3553(a) factors, and we conclude that a 24-month sentence consecutive to Turner's 20-year state sentence was reasonable. See United States v. Robles, –

9

F.3d – , 2005 WL 1083487, at \*4 (11th Cir. May 10, 2005) (stating that even if the defendant "was sentenced post-<u>Booker</u> and we were reviewing for reasonableness, we would not expect the district court in every case to conduct an accounting of every § 3553(a) factor . . . and expound on how each factor played a role in its sentencing decision").

Accordingly, this Court affirms Turner's 24-month federal sentence to be served consecutively to his 20-year state sentence.

**AFFIRMED.**