[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 22, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-16287
Non-Argument Calendar

_____

D. C. Docket No. 00-00339-CR-T-23EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSSIE LIVINGSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 22, 2005**

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Gussie Livingston, a federal prisoner convicted of one count of conspiracy

to commit an offense against the United States, in violation of 18 U.S.C. § 371, and

seven counts of wire fraud, in violation of 18 U.S.C. § 1343, appeals the district court's revocation of her supervised release term and imposition of 6 months' imprisonment and 30 months' supervised release. After review, we affirm.

## I. BACKGROUND

### A. Livingston's Convictions and Sentence

Following her convictions for one count of conspiracy to commit an offense against the United States and seven counts of wire fraud, Livingston was sentenced to 18 months' imprisonment and 36 months' supervised release. Livingston also was ordered to pay a special assessment of $800 and restitution in the amount of $152,881. After serving her term of imprisonment, Livingston began serving her supervised release on October 29, 2003.

### B. First Petition for Revocation of Supervised Release

On February 11, 2004, the United States Probation Office petitioned the district court for revocation of Livingston's supervised release. The petition alleged that Livingston violated the terms of her supervised release by refusing to make monthly payments toward restitution or set up a payment plan. The district court held a revocation hearing on April 20, 2004. At the hearing, the district court postponed a final determination on revocation and modified Livingston's supervised release terms by ordering her to provide the probation officer with

access to any requested financial information. Further, the district court ordered Livingston to refrain from incurring any new credit charges or making any major purchases without the approval of the probation officer. The district court then continued the hearing until November 16, 2004 to permit inquiry into Livingston's financial position.

Following the revocation hearing, Livingston signed several release forms allowing the probation officer to access her financial information. She also provided documentation of her expenses and income and signed a restitution payment agreement in which she agreed to pay $20 per month in restitution.

C.      **Second Petition for Revocation of Supervised Release**

On November 3, 2004, the Probation Office submitted a superceding petition for revocation. The petition repeated the allegations in the previous petition, and further alleged that Livingston had failed to submit requested financial documents and had failed to sign additional financial release forms.

On November 16, 2004, the district court held a final revocation hearing. During the hearing, the probation officer testified that he sent a letter to Livingston requesting that she fill out certain financial statements and a financial release form. The probation officer testified that Livingston failed to fill out the statements and sign the release form. In October 2004, the probation officer went to Livingston's

residence to have her complete the paperwork. However, Livingston became angry, called him a "cracker," and refused to complete the paperwork.

Livingston testified that she had already signed six release forms after the first hearing and that she had dutifully submitted her monthly financial reports. She also testified that she had been making larger payments than the required $20 per month because people were helping her with the payments. She stated that she would not sign any additional release forms even if they were given to her at the hearing because her financial situation had not changed.

### D. The District Court's Decision

The district court found that Livingston was guilty of violating her supervised release terms. In making its determination, the district court made the following observations: (1) it had "profound doubts" that Livingston was as poor as she claimed; (2) Livingston was "uncooperative, intransigent, and abusive"; (3) there was reason to suspect that Livingston could afford to pay more than $20 per month toward restitution; (4) Livingston's testimony at trial was not credible, and thus her statements regarding her finances were suspect; (5) Livingston had engaged in a program of avoidance designed to prevent the discovery of her net worth; and (6) Livingston never had accepted responsibility and had persisted in a program of defiance, including refusing to sign the financial release forms at the

4

hearing.

The district court then noted that the Guidelines range was 3-9 months' imprisonment. The district court sentenced Livingston to 6 months' imprisonment and 30 months' supervised release.

In its written order, filed after the revocation hearing, the district court stated:

> The April, 2004, hearing was continued for six months to permit inquiry into the defendant's financial position. Although paying monthly, the defendant has obstructed efforts by the Probation Officer to supervise her and to discover her true resources, which might contribute to retiring over $150,000 owed in restitution. The defendant's history (fraud and other financial gamesmanship) and her demeanor throughout the instant case (arrogant and verbally abusive, including saying she was "sick of" the Probation Officer, whom she characterized as a "white cracker") aggravate her non-compliance and strongly suggest purposeful and intransigent obstruction. At trial and sentencing, the defendant's testimony was unworthy of belief and manifestly contrary to overwhelming evidence. Regrettably, this pattern continues today. Accordingly, the Court accepts the testimony of United States Probation Officer Palmiotto and rejects the testimony of the defendant, to the extent of any conflict. Of course, the defendant offered at least one piece of highly persuasive testimony when she testified, accenting her defiance, that she would not provide the Probation Officer financial releases or a net worth statement, even if asked today at the hearing.

Livingston appealed.

## II. DISCUSSION

On appeal, Livingston argues that the imposition of six months'

5

imprisonment was unreasonable. Livingston further argues that the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a) and overstated the seriousness of the violation. Finally, she argues that the district court failed to consider that she initially had submitted the required paperwork and consistently had been making restitution payments.

Upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in § 3553(a).[1] 18 U.S.C. § 3583(e). The sentencing court "shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).

Prior to Booker, we reviewed a federal sentence imposed after revocation of supervised release using the "plainly unreasonable" standard set forth in 18 U.S.C. § 3742(e)(4). United States v. Scroggins, 910 F.2d 768, 769 (11th Cir. 1990).

---

[1]Specifically, the district court must consider the following:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; . . . (4) the kinds of sentence and the sentencing range established for . . . (B), in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ; and (5) any pertinent policy statement issued by the Sentencing Commission.

18 U.S.C. § 3553(a).

However, in Booker, the Supreme Court excised § 3742(e)(4), which contained standards of review, from the Sentencing Reform Act and replaced it with a reasonableness standard. Booker, 125 S. Ct. at 764-66.

Post-Booker, our sister circuits have determined that Booker's reasonableness standard is the same as the now-excised "plainly unreasonable" standard in § 3742(e)(4). See United States v. Tedford, 405 F.3d 1159, 1161 (10th Cir. 2005) ("Although the Supreme Court's decision in United States v. Booker altered our standard of review for most sentencing cases, the standard of review for cases where the defendant challenges the revocation of her supervised release remains the same."); United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005) ("[T]he new standard of review will not change the result in this case, because the new standard is actually the same as the one we would have used otherwise."); United States v. Fleming, 397 F.3d 95, 99 (2d Cir. 2005) (applying reasonableness standard of review in revocation of supervised release case after Booker). We agree and review Livingston's sentence for reasonableness.

Livingston committed a Grade C violation of supervised release by failing to follow her supervised release terms. U.S.S.G. § 7B1.1(a)(3). At the time of her original sentencing, she had a criminal history category of I. Thus, her guideline imprisonment range upon a revocation of supervised release was 3-9 months'

imprisonment.  U.S.S.G. § 7B1.4(a).

As the district court found, Livingston violated the terms of her supervised release by failing to provide all of the forms requested by the probation officer. Further, Livingston stated at the revocation hearing that she still would not sign the forms.  The district court's decision was reasonable and not an abuse of discretion in light of the factors set forth in § 3553(a).  Specifically, the district court determined that Livingston: (1) previously had committed crimes of fraud that indicated a lack of trustworthiness; (2) had never accepted responsibility for her crimes; (3) had been verbally abusive to her probation officer; (4) might be continuing with her past fraud by hiding her assets to avoid paying restitution in full; and (5) needed to cooperate with probation so that the restitution could be paid.  The district court sentenced Livingston within the recommended Guidelines range for such a violation.  In light of the testimony presented at the revocation hearing, Livingston's continuing refusal to sign the necessary forms, and the district court's decision to sentence Livingston within the Guidelines range, it cannot be said that the sentence was unreasonable.

Upon review of the record and the parties' briefs, we discern no reversible error.  As such, we affirm Livingston's sentence.

**AFFIRMED.**

8