NOT FOR PUBLICATION
File Name: 05a0940n.06
Filed: November 30, 2005

NO. 04-2204

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

TROY TUGEN,

     Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

BEFORE: KEITH, SUHRHEINRICH, and CLAY, Circuit Judges.

     **SUHRHEINRICH, J.,** Defendant-Appellant Troy Tugen appeals the order of the district court sentencing him to a term of imprisonment of twenty-four months for violating conditions of his supervised release. For the reasons that follow, we **AFFIRM**.

**I.**

     Troy Tugen pleaded guilty to transporting an undocumented alien within the United States by means of a motorized vehicle, in violation of 8 U.S.C. § 1324. He was sentenced to a thirty-month term of imprisonment, to be followed by a three-year term of supervised release with a special condition that he participate in a drug-treatment program, along with an assessment of $100 and a fine of $1500.

     Less than six months after his term of supervised release began, the district court issued a

warrant for Tugen's arrest for three alleged violations of the conditions of his supervised release.[1]

Tugen admitted to the violations before the district court. Although both defense and government counsel recommended some form of drug treatment as part of his sentence, the district court sentenced Tugen to the maximum twenty-four-month term of imprisonment without so recommending. Tugen timely appealed to this Court.

## II.

The sole issue before this Court is whether the district court erred in sentencing Tugen to a term of imprisonment of twenty-four months upon revocation of his supervised release. More specifically, Tugen argues (1) that the district court failed to consider the factors set forth in 18 U.S.C. § 3553, and (2) that the sentence was plainly unreasonable.

Since Tugen did not object to his sentence at the hearing, this Court will review the district court's sentencing determination for plain error. Fed. R. Crim. P. 52(b); *United States v. Johnson*, 403 F.3d 813, 815 (6th Cir. 2005). Plain error review is permissive and requires an error that is both plain and affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993); *Johnson*, 403 F.3d at 815. Also, this Court "must . . . determine whether the forfeited error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings' before it may exercise its discretion to correct the error." *Johnson v. United States*, 520 U.S. 461, 469-70 (1977) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)) (alteration in original). A sentence of imprisonment upon revocation of supervised release will be affirmed, provided the district court's decision reflects

---

[1]Tugen was alleged to have violated the following conditions of his supervised release: (1) "the defendant shall refrain from any unlawful use of a controlled substance"; (2) "the defendant shall not leave the judicial district without permission of the court or the probation officer"; and (3) "the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."

consideration of the relevant statutory factors and is not plainly unreasonable. *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999); *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998). Other courts have concluded that, in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the proper standard of review in supervised release revocation cases is "reasonableness." *See United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005); *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005); *United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005); *United States v. Turner*, 133 F. App'x 711, 715 (11th Cir. 2005) (unpublished). In dicta in *Johnson*, however, this Court questioned the Second Circuit's reasoning and appeared to favor adherence to the pre-*Booker* "plainly unreasonable" standard of review. *See Johnson*, 403 F.3d 816-17 ("[The Second Circuit's interpretation of *Booker*] fails to account for the fact that *Booker* left sections 3742(a), 3742(b), and 3742(f) on the books, and it fails to account for the fact that (at least as far as our Circuit is concerned) our cases have relied upon both sections 3742(a)(4) and 3742(e)(4) in applying a 'plainly unreasonable' standard."). But whether *Booker* compels a "reasonableness" standard rather than a "plainly unreasonable" standard need not be decided today. *See also United States v. Kirby*, 418 F.3d 621, 625 n.3 (6th Cir. 2005) (declining to decide *Booker*'s effect on the proper standard of review in the context of resentencing upon revocation of supervised release); *Johnson*, 403 F.3d at 817 (same). This Court would affirm the district court's decision under either standard.

The district court is required to consider the relevant policy statements of the U.S. Sentencing Guidelines before imposing sentence for revocation of supervised release.[2] *McClellan*,

---

[2]The policy statements are merely advisory and not mandatory. *McClellan*, 164 F.3d at 310. As a result, there is no *Booker* issue in this case. *See Booker*, 125 S. Ct. at 764 (noting that "without . . . the provision that makes 'the relevant sentencing rules . . . mandatory . . . ' the statute" avoids

-3-

164 F.3d at 310. The requirement is satisfied when the district court's consideration is merely implicit. *See id.* The district court must also consider the relevant statutory factors found in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), "adequate deterrence to criminal conduct," § 3553(a)(2)(B), "protect[ion of] the public," § 3553(a)(2)(C), and "provid[ing] the defendant with needed . . . medical care . . . or other correctional treatment in the most effective manner," § 3553(a)(2)(D). Here again, "[the] 'court need not engage in ritualistic incantation in order to establish consideration of a legal issue.'" *Washington*, 147 F.3d at 491 (quoting *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995)). Instead, "[t]he statute's mandate is . . . satisfied if . . . the district court's explanation of the sentence makes it clear that it considered the required factors." *Id.*

Review of the record in this case makes clear that the district court committed no error, much less plain error. Indeed, the record shows the district court fulfilled its statutory obligations in considering both the policy statements of the Sentencing Guidelines and the relevant statutory factors.

## A.

The district court considered the policy statements of the Sentencing Guidelines. Tugen's probation officer included a letter with her petition to the district court for a warrant for Tugen's arrest. In it she applied the policy statements of the Sentencing Guidelines and correctly identified Tugen's criminal history category (V), his violation (Grade B), and the corresponding range of imprisonment (18-24 months). The district court itself also noted that "twenty-four months . . .

Sixth Amendment implications (quoting *id.* at 749-50)).

[was] the maximum."[3]  These items demonstrate that the district court considered and correctly applied the policy statements of the Sentencing Guidelines and thus did not commit plain error.

**B.**

The district court considered the relevant statutory factors.  The district court noted initially the nature and circumstances of the offense and the need to protect the public.  The court said that, by taking his employer's truck to another jurisdiction and going missing for thirty-six hours on account of illicit drug use, Tugen "endangered the lives of other people [and] endangered somebody's business." (J.A. 28.)

The court then noted Tugen's history of drug abuse and crime and alluded to the need to deter criminal conduct:

> There are a lot of people who are addicted to drugs that don't do the same kind of criminal activity that [Tugen] does . . . .
> . . . He knows that he had a drug problem, but he's not willing to deal with it unless he gets some kind of break, and every time he does, he doesn't actually deal with it.

(*Id.*)

Finally, the court addressed Tugen's need for drug rehabilitation and what the court believed to be the most effective means of treatment:

> In this matter, there's no question [Tugen] has a drug problem. . . .  He shows total disregard towards others, and only with regards to his own drug problem.
> . . . .
> I think he hasn't reached bottom. . . .

---

[3]The statutory maximum term of imprisonment under the statute was the same as the maximum under the Sentencing Guidelines.  However, the language of the statute is "2 years," 18 U.S.C. § 3583(e)(3), while the language of the policy statements of the Sentencing Guidelines is "18-24 months," U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2004).  Thus, it appears from the district court's use of "twenty-four months" that the court was referring to the Sentencing Guidelines rather than the statute.

. . . .

        I am not going to recommend a drug treatment program. If he wants to get the drug treatment program then he'll have to do it on his own. It's time he starts taking some initiative for his own actions. He'll have to work the system, figure out how to do it, seek counseling, seek whatever he has to do to do so.

(J.A. 28-29.)

The district court's statements clearly demonstrate its consideration of the relevant statutory factors. Thus, we conclude that the district court did not commit plain error.

## C.

The only remaining inquiry is whether the sentence imposed by the district court was plainly unreasonable.[4] The district court determined that a twenty-four-month term of imprisonment was in Tugen's and society's best interests. Such a sentence is hardly unreasonable in light of Tugen's history of drug abuse and related criminal behavior. Moreover, the sentence was within the relevant range suggested by the policy statements of the Sentencing Guidelines. *See Washington*, 147 F.3d at 491-92 (affirming a sentence that *exceeded* the maximum recommended by the policy statements of the Sentencing Guidelines where the district court justified the sentence using language similar to language used by the district court in this case). Therefore, we conclude that Tugen's sentence was not plainly unreasonable.

## III.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

---

[4]Tugen contends that his sentence was plainly unreasonable because, *inter alia*, the district court declined to adopt the recommendation of the government that Tugen be sent to a facility that offers an intensive drug-treatment class. This argument is unpersuasive, as, even in the context of certain plea bargains, "the prosecution's role in sentencing is strictly advisory." *United States v. Garcia*, 78 F.3d 1457, 1462 (10th Cir. 1996); *see* Fed. R. Crim. P. 11(c)(1)(B).