**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2005
THOMAS K. KAHN
CLERK

**No. 05-11815**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-80012-TP-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAQUIN PINA,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(December 23, 2005)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

**PER CURIAM:**

Joaquin Pina appeals a 21-month sentence imposed by the district court upon

revocation of Pina's supervised release under 18 U.S.C. § 3583. Pina's sole claim on appeal is that his sentence is unreasonable under *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). We affirm.

In 1999, Pina pled guilty in the United States District Court for the Southern District of New York to conspiracy to traffic forged securities and false identification documents, in violation of 18 U.S.C. § 371. He received a sentence of 27 months' imprisonment and 3 years of supervised release. Pina's term of supervised release commenced on July 13, 2001, and he was removed from the United States in October of the same year. In January of 2004, however, Pina was found in Palm Beach, Florida, where he was in possession of cocaine. He thereafter pled guilty in the United States District Court for the Southern District of Florida to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2) ("Count One"), and to possession with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count Two"). In October of 2004, the district court sentenced Pina to 60 months' imprisonment on each Count, with the sentences to run concurrently.[1] During that same month, a federal probation officer in the Southern District of Florida filed a petition for revocation of Pina's supervised release that had commenced back in

---

[1] The district court further sentenced Pina to 3 years of supervised release on Count One and 4 years of supervised release on Count Two. These terms were also to run concurrently.

2

July of 2001, on Pina's conspiracy offense.[2]  Pina admitted that he had violated the conditions of his supervised release by illegally reentering the United States and committing a drug offense.  He appeared before the district court for sentencing in March of 2005.

At sentencing, the parties agreed that the applicable range under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") policy statements was 15-21 months.  The district court, noting that Pina "[b]asically came back and did a drug deal after two previous federal convictions,"[3] asked defense counsel why a sentence at the top of the guidelines range, to be served consecutively to Pina's sentence on the illegal reentry and drug offenses, would not be appropriate.  Pina's counsel argued that the facts of the case did not warrant such a sentence, because: (1) Pina was 53 years old and had lived in the United States with his common law wife and their children since 1980, and had reentered the country in order to be with his family; (2) Pina had been one of several aliens on a boat headed to the United States, and when the boat was intercepted by law enforcement officers, a person on the boat tossed a kilo of cocaine at Pina, telling him to take it because no one else wanted the kilo on them when they got caught; (3) Pina will

_____

[2] In June of 2004, the Southern District of New York transferred jurisdiction over Pina's supervised release to the Southern District of Florida.

[3] It is uncontroverted that Pina had another prior federal conviction in addition to the conspiracy conviction described above.

3

not return to the United States again because he does not want to risk the sentence he would receive if he were caught; and (4) keeping Pina in prison only to deport him again upon release is not a sensible use of Government funds. Pina's counsel also pointed out that the district judge who had sentenced Pina for the illegal reentry and drug offenses had given the minimum possible sentence. For these reasons, Pina's counsel argued, Pina's sentence for violating supervised release should run concurrently with the sentence for Pina's illegal reentry and drug offenses. The Government disagreed, arguing that a sentence which ran concurrently with the existing sentence on Pina's illegal reentry and drug offenses would effectively negate any punishment for Pina's violation of supervised release. The district court found that Pina had violated the conditions of his supervised release, and that a sentence within the Guidelines range would be appropriate. The court then revoked Pina's supervised release and sentenced him to 21 months' imprisonment, with the sentence to be served *consecutively* to the sentence imposed on Pina's illegal re-entry and drug offenses.

Under 18 U.S.C. § 3583(e), a district court may, upon finding that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain

factors set forth in § 3553(a).[4]  Prior to *Booker*, we reviewed a sentenced imposed

upon revocation of supervised release under the "plainly unreasonable" standard

set forth in 18 U.S.C. § 3742(e)(4).  *See United States v. Scroggins*, 910 F.2d 768,

769 (11th Cir. 1990) (per curiam).[5]  In *Booker*, however, the Supreme Court

excised § 3742(e)(4) and replaced it with a reasonableness standard.  *See Booker*,

125 S. Ct. at 764-66.  In the wake of *Booker*, numerous circuits applying *Booker*'s

reasonableness standard to sentences imposed upon revocation of supervised

release have concluded that *Booker*'s reasonableness standard is essentially the

same as the "plainly unreasonable" standard of § 3742(e)(4).  *See United States v.*

*Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005); *United States v. Cotton*, 399 F.3d

913, 916 (8th Cir. 2005); *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir.

2005).[6]  We agree and review Pina's sentence for reasonableness.

---

[4] The factors set forth in § 3553(a) include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public from future crimes by the defendant, and provide the defendant with neccessary education, training, or treatment;  the applicable Guidelines range; certain policy statements; and the need to avoid unwarranted sentence disparities and provide restitution to vicitms.

[5] Although § 3742(e)(4) applied only to a sentence imposed for an offense for which there was no applicable sentencing guideline, the provisions of the Guidelines addressing violations of probation and supervised release are technically policy statements, not formal guidelines. *See* U.S.S.G. ch. 7, pt. A.

[6] Various panels of this circuit have also concluded as much, albeit in unpublished opinions. *See, e.g.*, *United States v. Livingston*, No. 04-16287 (11th Cir. July 22, 2005) (per curiam); *United States v. Powell*, No. 04-15706 (11th Cir. June 28, 2005) (per curiam); *United States v. Turner*, No. 04-15161 (11th Cir. June 7, 2005) (per curiam).

Pina argues that his sentence is unreasonable because it will not help reintegrate him into society. *See Morgan v. Wainwright*, 676 F.2d 476, 479 (11th Cir. 1982) ("[F]urthering the reintegration of the probationer into society, and not discovering and punishing his every transgression (i.e., a criminal prosecution) is the primary function of the probation supervision process."). The instant situation, however, is one where Pina has admittedly *violated* the conditions of his supervised release by committing additional federal crimes. Congress clearly authorized additional imprisonment in these kinds of circumstances. *See* 18 U.S.C. § 3583(e)(3). Pina also asserts that his sentence is unreasonable because it is, proportionally speaking, harsher than the sentence imposed for his illegal re-entry and drug offenses. Pina cites no authority for this proposition, however, and it ultimately compares apples and oranges, for determining a sentence to be imposed upon revocation of supervised release involves considerations distinct from those involved in determining the sentence to be imposed for the criminal offense that effected the violation of supervised release. *See, e.g.*, U.S.S.G. ch. 7, pt. B, introductory cmt. ("Where a defendant is convicted of a criminal charge that also is a basis of the violation [of supervised release], these policy statements do not purport to provide the appropriate sanction for the criminal charge itself."). Finally, we are unpersuaded by Pina's reurging of his arguments below for a

concurrent sentence. As a matter of policy, the Guidelines recommend that "the sanction imposed upon revocation . . . be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." *Id.* Pina arguments do not establish that it was unreasonable to apply this policy in his case.

In short, it is uncontroverted that the district court correctly calculated the sentencing range recommended in the applicable Guidelines policy statements, and then sentenced Pina within that range. Having considered the record and the arguments of the parties, we are satisfied that the district court considered the factors set forth in § 3553(a) when imposing sentence, and that the sentence is reasonable.[7] Accordingly, we affirm the sentence imposed by the district court.

**AFFIRMED.**

---

[7] We note that "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).