NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0843n.06
Filed: November 15, 2006

No. 05-6537

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| MICHAEL SHANE REID, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    KEITH and McKEAGUE, Circuit Judges; and CLELAND, District Judge.*

**CLELAND, District Judge.**  During his September 19, 2005 parole revocation hearing, Defendant-Appellant Michael Shane Reid admitted that he committed three parole violations. Although the guideline range was 8-14 months, the district court sentenced Reid to 24 months, in part because the district court strongly recommended that the Bureau of Prisons ("BOP") admit him to the 500-hour intensive drug and alcohol treatment program ("Program"), and a 24-month sentence was generally required for admission into the Program.  Reid argues on appeal that this sentence was both unreasonable and plainly unreasonable because it was higher than his guideline range and because he was never admitted to the Program.  Reid further argues that we should find that *United States v. Booker*, 543 U.S. 220 (2005), applies to parole revocations, changing the standard of review from plainly unreasonable to reasonableness.  The Government responds by stating that the sentence

---

*The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

should be upheld under either standard. The Government argues that the district court properly reviewed the 18 U.S.C. § 3553 factors and properly imposed the 24-month sentence because of Reid's alcohol-related violent criminal history, his offense conduct while on supervision and the opportunity for Reid to participate in the Program. Furthermore, the Government contends that because the district court's sentence is reasonable under either standard, we need not decide whether *Booker* changes the standard of review in parole revocations. For the reasons set forth below, we affirm.

## I.

Reid pleaded guilty to a charge of felon in possession of a firearm and to theft of identification documents with intent to obtain items of value over $1,000. He was sentenced to fifty-five months imprisonment followed by three years of supervised release on June 10, 2002. Reid was released from prison and placed on supervised release on February 25, 2005.

Probation Officer John Hahn testified that he and his partner Donna Jackson paid Reid an unscheduled visit on June 22, 2005. When they arrived at Reid's apartment, Reid appeared intoxicated and advised them that he had consumed seven beers and a mixed drink. Reid told Officer Hahn that he was upset because he had just been fired from his job. Reid and his mother Sandra Spry began to argue, and Reid jumped up from his chair, appearing very agitated. When Officer Hahn told Reid to sit back down, Reid replied, "Who is going to make me?" After Officer Hahn raised his voice considerably and repeated his order a second time, Reid sat down and said that "in the BOP, guards knew who not to mess with or they would end up with lead in their ass."

Officer Hahn took that as a threat and asked Reid if that comment was directed at him. Reid replied that it was not, and Officer Hahn testified that he had no doubt Reid directed the comment at Officer Jackson because Reid was staring at her. Before leaving Reid's apartment, the officers attempted to get Reid's mother and pregnant girlfriend to leave as well, but they refused. The next day, Reid appeared at Hahn's office as requested, agreed to a modification to his special conditions that would require him to abstain from alcohol and signed a waiver stating that he would go to a halfway house.

On July 8, 2005, Reid was arrested under a July 1, 2005 Petition for Warrant for Offender Under Supervision. The warrant alleged five violations of Reid's conditions of supervised release. At the September 19, 2005 parole revocation hearing, Reid admitted three of the five violations: (1) failing to report his June 21, 2005 criminal summons; (2) being intoxicated on June 22, 2005 when he was paid an unscheduled visit by probation officers; and (3) failing to follow the instructions of the probation officers during that visit.

At the hearing, Officer Hahn opined that, given his alcohol problems, Reid would not be able to "conform his conduct to the rules of supervision." Reid admitted that he had an alcohol problem, but based on his past experience he expressed doubts that he would be placed in the Program if he was sentenced to prison. Reid requested placement in a halfway house to help him abstain from alcohol while he worked to support his girlfriend. Reid's mother testified at the revocation hearing and asked that her son be permitted to participate in local inpatient or intensive outpatient alcohol treatment programs so he would be able to be near his family and find employment. She also expressed her doubts that Reid would receive treatment for his alcohol problem if he was sent to prison. The district court agreed that Reid needed alcohol treatment, and recessed so the probation

officer could inquire whether Reid qualified for the Program if he was incarcerated. The probation officer reported that if the district court recommended Reid for the Program, the BOP would place Reid in a facility where he could participate in the Program. The probation officer further asserted that Reid would need to be sentenced to a minimum of 24 months to complete the Program.

The district court determined that Reid's guideline range was 8 to 14 months, but noted that the range was simply advisory. Because of Reid's long history of alcohol-related offenses, and his threatening behavior toward probation officers, the district court indicated that it was inclined to give Reid the maximum sentence of 24 months. The district court determined that a sentence of 24 months was also justified because it would make Reid eligible for the Program. Consequently, the district court revoked Reid's supervised release and sentenced him to 24 months of incarceration followed by no further term of supervised release, recommending that Reid attend the Program. Reid filed his timely notice of appeal on September 28, 2005.

## II.

We review a district court's decision to revoke supervised release for an abuse of discretion. *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991). An abuse of discretion occurs when a reviewing court is convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995). A district court's sentence imposed on revocation will be affirmed if the record "'shows consideration of the relevant statutory factors' and if the sentence imposed is not 'plainly unreasonable.'" *United States v. Kirby*, 418 F.3d 621, 625-26 (6th Cir. 2005) (quoting *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999)).

### III.

Reid does not contest the revocation of his supervised release. Reid instead appeals the length of his sentence, and raises the following issue:

> Whether the district court, upon revocation of supervised release, failed to consider appropriately the applicable sentencing factors resulting in a plainly unreasonable sentence (the statutory maximum term of incarceration of 24 months with no further supervision) constituting an excessive sentence under the circumstances given the fact (1) the advisory guideline range of incarceration upon revocation provided a range of 8 to 14 months incarceration, and (2) the district court's intent that Mr. Reid be placed within the Bureau of Prison's intensive drug and alcohol treatment program has not in fact been carried out.

Appellant's Br. at 3. Before a district court imposes a sentence for violation of supervised release under 18 U.S.C. § 3583, it must consider the sentencing factors set forth in § 3553, and impose a sentence that is "sufficient, but not greater than necessary, to comply with [these purposes]." 18 U.S.C. § 3553(a). Both parties agree that, according to the Sentencing Guidelines, Reid's range of incarceration is 8-14 months, with a maximum sentence of 24 months under 18 U.S.C. § 3583(e)(3). While the district court stated in its order that it had "carefully considered the policy statements," Reid highlights the fact that the district court did not expressly reference any § 3553(a) factors. A district court, however, "need not recite these factors but must articulate its reasoning" for appellate review. *Kirby*, 418 F.3d at 626 (citing *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998)).

It is Reid's position that the district court based his sentence on the fact that a 24-month sentence would enable Reid to participate in the Program. Reid argues that, because he has not been

admitted to the Program, the purpose of his 24-month sentence has been frustrated, rendering the sentence itself both unreasonable and plainly unreasonable. We disagree.

A review of the district court's order reveals that Reid's eligibility for the Program was not the sole, or even the primary, reason for his 24-month sentence. In its order, the district court specifically stated that Reid's 24-month sentence rested on three grounds: (1) Reid's "many prior alcohol related offenses and violent crimes;" (2) his "repeated failure to comply with the conditions of his supervised release;" and (3) the "need for intensive alcohol abuse treatment." As a result, the district court concluded that a sentence within the guideline range was inappropriate both "in the interest of society," and "in the interest of rehabilitating this defendant." Reid's argument that the duration of his sentence was motivated solely or primarily by the availability of the treatment program is further negated upon a review of the record. At the sentencing hearing, the district court (1) outlined Reid's long history of alcohol-related and violent offenses, (2) noted Reid's serious alcohol problem, (3) indicated that Reid's threatening conduct toward the probation officers would in itself be sufficient to justify the sentence, and (4) determined that the 24-month sentence would also provide the opportunity for Reid to participate in the Program. After the district court gave him his sentence, Reid insinuated that it was unlikely he would "make it into that program." In response, the district court stated that "[w]ell, if you don't, you're going to have 24 months to serve, a sentence that in and of itself is justified because of your conduct with the probation officers." This exchange further highlights the fact that neither the parties nor the district court was under the impression that Reid was guaranteed a spot in the Program.

The record reflects that the district court properly articulated its reasoning for imposing its sentence. In light of Reid's alcohol problem, criminal history and conduct while on supervised release, we find that the district court's sentence is neither unreasonable nor plainly unreasonable. Additionally, we find that a remand to the district court for reconsideration in light of Reid's inability to attend the drug treatment program is unwarranted based on the reasonable, independent grounds for Reid's sentence that the district court clearly articulated on the record.

**IV.**

Appellant also contends that *Booker* applies to revocation proceedings, changing the standard of review from plainly unreasonable to reasonableness. In *United States v. Johnson*, 403 F.3d 813, 817 (6th Cir. 2005), the Sixth Circuit recognized that *Booker* may impact the standard of review of parole revocation proceedings, but refrained from deciding the issue because in that case the sentence met both standards of review. Cases following *Johnson* have declined to decide the issue for the same reason. *See Kirby*, 418 F.3d at 625 n.3; *United States v. Brown*, 163 F. App'x 370, 372 n.1 (6th Cir. 2006) (unpublished); *United States v. Tugen*, 157 F. App'x 838, 840 (6th Cir. 2005) (unpublished); *United States v. Chiles*, 137 F. App'x 870, 873 (6th Cir. 2005) (unpublished).

We also decline the invitation to consider whether *Booker* would change the standard of review from "plainly unreasonable" to "reasonable," because in this case the district court's sentence satisfies both requirements.

**V.**

For the foregoing reasons, we affirm the judgment of the district court.