**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

MISTY LEE TEDFORD,

        Defendant - Appellant.

No. 04-7079

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 00-CR-61-P)**

---

**Submitted on the briefs:**[*]

J. Lance Hopkins, Tahlequah, Oklahoma, for Defendant-Appellant.

Sheldon J. Sperling, United States Attorney, and Linda A. Epperley, Assistant United States Attorney, Eastern District of Oklahoma, Muskogee, Oklahoma, for Plaintiff-Appellee.

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

**McKAY**, Circuit Judge.

_____

On April 25, 2001, Defendant was sentenced to thirty-six months' incarceration with the Bureau of Prisons to be followed by sixty months' supervised release for her involvement in a drug conspiracy in violation of 21 U.S.C. § 846. After completing her term of imprisonment, Defendant began her term of supervised release. On April 7, 2003, the Probation Office filed a Petition to revoke Defendant's supervised release based on four alleged violations of the conditions of her supervised release: (1) commission of a state crime, (2) failure to notify her probation officer within seventy-two hours of her arrest, (3) failure to pass seven drug tests, and (4) continuation of a relationship with a known convicted felon. Defendant admitted to all four allegations.

Based on a combination of Defendant's criminal history and the nature of the violations, the recommended sentence pursuant to the Sentencing Guidelines was between five and eleven months of incarceration. The district court imposed a sentence of forty-eight months. Defendant appealed. After consideration of the issues presented, we remanded with directions for the district court to more adequately explain the reasons for imposing its sentence. *United States v. Tedford*, 92 Fed. Appx. 738, 740 (10th Cir. 2004).

On July 16, 2004, the district court held an evidentiary hearing relating to

Defendant's resentencing.  During that hearing, both Defendant and her fiancé testified.  After receiving the testimony, the district court again imposed a forty-eight month sentence of incarceration.  In so doing, the district court considered

> the violation policy statements in Chapter 7 of the United States Sentencing Guideline Manual in effect and view[ed] those policies as advisory in nature for the purposes of the[] proceedings. [The district court] considered the nature and circumstances of the violation of conduct, which included that [Defendant was] convicted of a state crime while on supervised release; . . . that [Defendant] failed to notify [her] probation officer within seventy-two hours of [her] arrest on the state charge; that [Defendant] failed seven drug tests; and that [she] continued a relationship with a convicted [felon].  All of these violations convinced the Court that [Defendant had] no regard or respect for the rules and conditions of supervised release, and that it would, therefore, be a waste of the limited resources of the probation office to have to continue supervision over a defendant who has repeatedly violated the terms of her supervised release.  Additionally, at the time of [Defendant's] original sentencing, this Court considered the fact that [she was] pregnant, and the impact that continued drug use would have upon [Defendant's] unborn child.  A sentence outside of the range called for by the application of the guidelines provides just punishment for [her] non-compliance [and] is an adequate deterrent to future criminal conduct, and perhaps will instill some respect for the law in [Defendant].

Rec., Vol. III, at 28-29.

Although the Supreme Court's decision in *United States v. Booker* altered our standard of review for most sentencing cases, the standard of review for cases where the defendant challenges the revocation of her supervised release remains the same.[1]  *See United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 766 (2005)

---

[1]We note that the Eighth Circuit has taken an identical position on this

(continued...)

(citing *United States v. Tsosie*, 376 F.3d 1210, 1218-19 (10th Cir. 2004), as an example of an application of the reasonableness standard of review). Hence, in this case, we will follow the law as articulated by *Tsosie*, wherein we stated that imposition of a sentence in excess of that recommended by the Chapter 7 policy statements of the Sentencing Guidelines will be upheld "if it can be determined from the record to have been reasoned and reasonable." *Tsosie*, 376 F.3d at 1218 (internal quotation omitted).

Defendant's first contention is that her sentence was unreasonable because the district court did not "adequately consider[] the Chapter 7 policy statements." Aplt's Br. at 7-9. In imposing sentences after revocation of supervised release, district courts are obligated to consider Chapter 7's policy statements. *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004) (citation omitted). Magic words, however, are not required to demonstrate fulfillment of this requirement. *See id.*

Prior to imposing a sentence in the present case, the district court stated that it considered the Chapter 7 policy statements, viewed them as advisory, and then articulated the reasons warranting a sentence outside the recommended Guideline range. Rec., Vol. III, at 28-29. In so doing, the district court fulfilled its responsibility to adequately consider the Chapter 7 policy statements. *See*

---

[1](...continued)
issue. *See United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005).

*United States v. Lee*, 957 F.2d 770, 775 (10th Cir. 1992) *and United States v. Brooks*, 976 F.2d 1358, 1360 (10th Cir. 1992) *cited in Kelley*, 359 F.3d at 1305. To be clear, we do not hold that Defendant's sentence, which is more than four times the outside limit of the recommended Guideline range, to be reasonable. We hold that the sentence is not unreasonable for the reasons presented by Defendant – that the district court failed to adequately consider the Chapter 7 policy statements.

Defendant's second contention attacks the district court's reasoning in support of its sentence. Defendant claims the district court's consideration of the Probation Office's resources was an improper factor to rely on in imposing the sentence because it is not an enumerated factor in the Guidelines. Aplt's Br. at 9-10. We review *de novo* the district court's interpretation of the Guidelines. *United States v. Burdex*, 100 F.3d 882, 884 (10th Cir. 1996).

The Sentencing Guidelines set forth factors that must be considered, *see United States v. White*, 244 F.3d 1199, 1204 (10th Cir. 2001) (citing 18 U.S.C. § 3553(a)), but that list is not all-inclusive. In addition, when read in context, the factor to which Defendant objects, the resources of the Probation Office, does not reflect an impermissible analysis of federal penal resource allocation. The district court stated that it would "be a waste of the limited resources of the probation office to have to continue supervision over a defendant who has repeatedly

violated the terms of her supervised release." Rec., Vol. III, at 28. The district court merely recognized the futility of continued supervision, a consideration implicit in the Congressional grant of authority to revoke one's supervised release. *See* 18 U.S.C. § 3583(e)(3).

**AFFIRMED**.