**F I L E D**
**December 13, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES of AMERICA,

      Plaintiff-Appellee,

v.

VISANO D. NELSON,

      Defendant-Appellant.

No. 05-6020
(D.C. No. CR-01-292-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY** and **MCKAY**, Circuit Judges.

Defendant-Appellant Visano Nelson ("Nelson") challenges the district

court's decision to sentence him to fifteen months' imprisonment upon revocation

of supervised release, four months longer than the top of the range recommended

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

by Chapter 7 advisory policy statements.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.  Factual Background

In October 1992, an Alaska jury convicted Nelson of conspiracy, bank robbery, and use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 371, 2113(a) & (d), and 924(c), for which the court sentenced him to 110 months' imprisonment and four years' supervised release.  On September 6, 2000, the District Court for the District of Alaska released Nelson to supervision, and, on February 2, 2001, transferred his supervision to the Western District of Oklahoma.

On July 3, 2001, the Oklahoma district court revoked the term of Nelson's supervised release—after Nelson had tested positive for cocaine usage on nine occasions and for alcohol usage while residing in a halfway house—and sentenced Nelson to six-months imprisonment followed by thirty-six-months supervised release.  On August 6, 2002, the district court sentenced Nelson to twelve months and one day in prison and twenty-four months of supervised release after revoking the term of Nelson's second supervised release because Nelson had tested positive for cocaine usage on four occasions, failed to report for urine testing on two occasions, and tested positive for alcohol usage on one occasion.  On July 8, 2004, the district court revoked the term of Nelson's third supervised release after

finding that he willfully failed to make court-ordered restitution payments and failed to appear at the original revocation hearing and sentenced Nelson to 90-days' imprisonment and 15-months' supervised release.

On December 14, 2004, the district court revoked the term of Nelson's fourth supervised release after finding, upon stipulation of the parties, that Nelson had used cocaine on two occasions. The advisory revocation range of imprisonment pursuant to Federal Sentencing Guidelines Chapter 7 specified a revocation range of imprisonment of five to eleven months based on a Grade C violation and Nelson's criminal history category III. See U.S.S.G. § 7B1.1-1.4. At the revocation hearing, the district court noted that Nelson's supervised release had been revoked three previous times. The court further stated that:

> I believe the guidelines are five to 11 months and the maximum term of imprisonment is three years, less 21 months previously been [sic] revoked;[1]
> . . .
> You [Nelson] have been a scofflaw ever since I've come in contact with you. You've ignored the orders of this court. You've violated the law repeatedly. And as a result of that, it's the judgment of the court the defendant will be sentenced to 15 months incarceration.
> . . .
> There obviously will be no supervised release. . . . You're a failure of supervised release, but you must be punished for what you have done. And that's the judgment of the Court.

---

[1] The statutory maximum term of imprisonment Nelson could receive upon revocation of his supervised release was 15 months, which is the maximum provided by 18 U.S.C. § 3583—three years—minus the total time Nelson served based on his three previous revocations—21 months.

This appeal, in which Nelson challenges only the district court's decision to sentence him outside the range recommended by the Guidelines, followed.

## II. Discussion

Nelson contends that his sentence, which was four months above the recommended range, was unreasonable because the district court improperly relied on Nelson's "recidivism" to depart from the recommended range of punishment and did so without referring to recidivism in the context of any of the other statutory factors the court is required to consider. Reviewing the district court's legal interpretation of the Sentencing Guidelines de novo, as we must, see United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2005), we reject Nelson's argument for two reasons.

First, in sentencing a defendant after revocation of supervised release pursuant to 18 U.S.C. § 3583(e)(3), the district court must consider the factors set forth in 18 U.S.C. § 3553(a) and, specifically, the policy statements in Chapter 7 of the Guidelines; however, we do not require the district court to engage in "a ritualistic incantation" or to "recite any magic words" to fulfill this responsibility. Id. at 1304-05 (quotations omitted). We are satisfied that the district court considered all necessary factors in sentencing Nelson upon revocation of his

supervised release. At the revocation hearing, the judge confirmed that it recognized what the policy statement range and the statutory maximum were for Nelson's violation. The judge then gave Nelson's attorney an opportunity to argue for a lesser sentence and offered Nelson the opportunity to make his own statement. The court was not required to individually consider each § 3553(a) factor; it is enough that the court considered the factors "en masse." Id. at 1305. See also United States v. Rose, 185 F.3d 1108, 1111 (10th Cir. 1999) (indicating that the appeals court will assume the district court considered each of the factors absent a contrary indication in the record).

Second, pre- and post-Booker, "imposition of a sentence in excess of that recommended by the Chapter 7 policy statements of the Sentencing Guidelines will be upheld 'if it can be determined from the record to have been reasoned and reasonable.'" United States Tedford, 405 F.3d 1159, 1161 (10th Cir. 2005) (quoting United States v. Tsosie, 376 F.3d 1210, 1218-19 (10th Cir.2004). Accordingly, a district court may easily depart from the range the statements suggest, because they have always been advisory, United States v. Contreras-Martinez, 409 F.3d 1236, 1240 (10th Cir. 2005), if the sentencing court gives appropriate reasons for its actions, see 18 U.S.C. § 3553(c).

Nelson claims the district court's consideration of "recidivism" was an improper factor to rely on in imposing the sentence. "The Sentencing Guidelines

- 5 -

set forth factors that must be considered, but that list is not all-inclusive."

Tedford, 405 F.3d at 1161 (citations omitted). Additionally, when read in context, the factor Nelson challenges is not an impermissible analysis. We have made it clear that a district court may appropriately consider "the futility of continued supervision" as a reason to depart from the Guideline range for sentences upon the revocation of supervised release. See Tedford, 405 F.3d at 1161-62.[2] The district court did precisely this. The judge stated that it was departing from the suggested range because Nelson ignored the district court's orders on four separate occasions, violated the law repeatedly, and was a "failure of supervised release." In a period of just over four years, the district court revoked Nelson's supervised release on four separate occasions after finding, many times upon Nelson's own stipulation, that he had repeatedly broken the law and violated the terms of his release. It was therefore "reasoned and reasonable" for the court to impose the sentence that it did.

## III. Conclusion

Our review of the record convinces us that the district court committed no error in exercising its discretion and sentencing Nelson to a term in excess of the

---

[2] We therefore also reject Nelson's argument that the district court was precluded from considering the prior revocations of his supervised release because the suggested sentence range already accounted for repeat violators.

Guideline-recommended range upon revocation of Nelson's supervised release.

We therefore AFFIRM the district court's sentence.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge