F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FELIX ROUBIDEAUX,

    Defendant-Appellant.

No. 05-6320

(D.C. No. CR-04-125-F)
(W. D. Oklahoma)

**ORDER AND JUDGMENT***

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Defendant Felix Roubideaux appeals his eighteen month sentence for violating the

terms of his supervised release. We exercise jurisdiction pursuant to 28 U.S.C. § 1291

and affirm.

I.

On April 5, 2002, in the United States District Court for the Western District of

Texas, Roubideaux pled guilty to importation of marijuana, in violation of 21 U.S.C. §§

952(a) and 960(b)(4). He was sentenced to a twenty-seven month term of imprisonment

---

* This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

followed by a three-year term of supervised release. Roubideaux commenced his term of supervised release in April 2004. On July 28, 2004, jurisdiction of Roubideaux's case was transferred to the United States District Court for the Western District of Oklahoma.

On September 14, 2005, Roubideaux's probation officer filed an amended petition requesting the district court to revoke Roubideaux's supervised release. The amended petition alleged the following violations: (1) in April 2005, Roubideaux was arrested and later charged with domestic assault and battery in Oklahoma state court; (2) Roubideaux was twelve days late in notifying his probation officer of his arrest; (3) Roubideaux submitted urine samples in July, August, and September 2005 that tested positive for marijuana; (4) Roubideaux failed to participate in urine surveillance seven times between May 4, 2004 and July 23, 2005; (5) Roubideaux submitted eleven out of fifteen monthly supervision reports late; (6) Roubideaux failed to report to the probation office in June and July 2005; and (7) Roubideaux had not completed any community service after being instructed five times between April 2004 and February 2005 to start his required 200 hours of community service. The amended petition identified all of the alleged violations as Grade C violations.[1] Based on Roubideaux's Category III criminal history, the

---

[1] Grade C violations include conduct punishable under federal, state, or local law by a term of imprisonment of one year or less, as well as "a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). "Where there is more than one violation of the conditions of supervision, . . . the grade of the violation is determined by the violation having the most serious grade." Id. § 7B1.1(b).

recommended guideline sentencing range was five to eleven months.[2] A revocation

hearing was held on September 16, 2005. The parties and the district court agreed not to

consider the first violation listed above because the allegation involved a pending

criminal charge. Roubideaux did not contest violations 2 through 6. As regards violation

7, Roubideaux and the government agreed that Roubideaux had completed twenty hours

of community service. Accordingly, the district court found that Roubideaux committed

violations 2 through 6, and that Roubideaux had completed only twenty hours of

community service.[3]

The district court then reviewed Roubideaux's criminal history, stating that he had

a prior conviction for burglary, three prior convictions for assault and battery, as well as

several arrests and charges that did not lead to conviction. Further, the district court

observed that Roubideaux violated the terms of his pretrial release in Texas. The district

court noted that although the presentence report recommended that Roubideaux should

not receive credit for acceptance of responsibility because of his pretrial release violation,

the sentencing court in Texas nonetheless granted Roubideaux a three-level reduction.

The district court then commented that the sentencing court may have given Roubideaux

---

[2] The Chapter 7 policy statements of the Sentencing Guidelines set forth proposed, but non-binding, ranges of imprisonment based on a combination of (a) the grade assigned to a defendant's violation and (b) the defendant's criminal history category. See U.S.S.G. § 7B1.4.

[3] The district court treated Roubideaux's August 2005 positive test for marijuana as residual drugs in his system from his July 2005 positive test.

undeserved credit for acceptance of responsibility.

After hearing argument from both parties, the district court revoked Roubideaux's supervised release and sentenced him to eighteen months incarceration followed by eighteen months of supervised release:

> The question for the Court can be put in a number of different ways. One way that keeps coming to my mind is whether the world is a better place with this defendant on the street or off the street. The sentencing judge in the Western District of Texas went the extra mile to be lenient with you, Mr. Roubideaux. That lenience turned out to be unjustified. You have shown no consistent inclination to remain within the law or within the terms of your conditions of release.
> It's my conclusion that the world is a better place with you off the street. You are hereby sentenced to serve a term of 18 months of incarceration to be followed by an 18-month term of supervised release . . . .

Vol. II at 18.

## II.

Roubideaux does not dispute that he violated the conditions of his supervised release. He argues only that the district court's decision to impose an eighteen month sentence was unreasonable. Specifically, he contends that his supervised release violations did not warrant a sentence of incarceration which exceeds the advisory guideline range by seven months, and that the district court did not provide sufficient reasons for disregarding the recommended guideline range.

Revocation proceedings are governed by 18 U.S.C. § 3583(e), which directs a district court to consider factors set forth in various subsections of 18 U.S.C. § 3553(a) before determining an appropriate course of action with regard to a particular defendant.

> Those factors include 1) the nature and circumstances of the offense, 2) the history and characteristics of the defendant, 3) the need for the sentence to afford adequate deterrence to criminal conduct, 4) the need to protect the public from further crimes of the defendant, 5) the need to provide the defendant with needed training, medical care, or correctional treatment, and 6) the sentencing range established under the sentencing guidelines or the policy statements applicable to a violation of supervised release.

United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004) (citing 18 U.S.C. § 3553(a)). A district court is not required to make specific findings with respect to each factor, but only to state reasons for its action. United States v. Lee, 957 F.2d 770, 774-75 (10th Cir. 1992). Post Booker, our "standard of review for cases where the defendant challenges the revocation of . . . supervised release remains the same." United States v. Tedford, 405 F.3d 1159, 1161 (10th Cir. 2005) (citation omitted). As a result, "the imposition of a sentence in excess of that recommended by the Chapter 7 policy statements of the Sentencing Guidelines will be upheld 'if it can be determined from the record to have been reasoned and reasonable.'" Id. (citation omitted).

We have reviewed the record on appeal and conclude that the sentence imposed by the district court was both "reasoned and reasonable." The transcript of the revocation hearing shows that the district court adequately considered the factors set forth in 18 U.S.C. § 3553, and in particular, focused on Roubideaux's criminal history and repeated violations of the conditions of his supervised release. We have no difficulty in concluding that the district court's sentence, which was based on Roubideaux's unwillingness to comply with the law, was both "reasoned and reasonable."

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge