**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GILBERTO RODRIGUEZ,

Defendant - Appellant.

No. 06-1280

(D. Colorado)

(D.C. No. 95-CR-00068-DBS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

When Gilberto Rodriguez violated the terms of his supervised release, the district court imposed a sentence of six months' imprisonment followed by a new term of supervised release. He appeals, contending that because the probation office, the government, and defense counsel all agreed that no new supervised-release term should be imposed, the court's imposition of the term was unreasonable. We disagree and affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In 1995 Mr. Rodriguez pleaded guilty in the United States District Court for the District of Colorado to conspiracy to possess and distribute ephedrine in violation of 21 U.S.C. §§ 841(d)(2) and 846. The district court sentenced him to 48 months' imprisonment followed by three years' supervised release. It ordered that while on supervised release he must participate in a drug-treatment program and refrain from using controlled substances.

Mr. Rodriguez began his term of supervised release on September 11, 2000. Because of an intervening term of imprisonment on a new state conviction during which his federal supervised-release term was inactive, he was still on supervised release in September 2005 when he violated its terms by using methamphetamine. On October 27, 2005, the district court modified the conditions of his release by requiring that he spend up to six months in a community corrections center. In February 2006 he again violated the terms of his release by possessing and using a controlled substance.

The district court held a revocation hearing on June 7, 2006. At the hearing Mr. Rodriguez admitted that he had (1) possessed and used marijuana in 2001; (2) committed various misdemeanors; (3) possessed and used methamphetamine on September 6, 2005; (4) possessed and used methamphetamine on September 19, 2005; and (5) possessed and used methamphetamine on February 21, 2006. The court accepted his admissions and proceeded to sentencing.

The government suggested a seven-month term of imprisonment, stating that although Mr. Rodriguez had a serious drug problem, he did not steal to support his habit and had tried treatment programs. The district court noted that his repeated failed efforts at treatment were cause for concern, stating, "[H]e just doesn't seem to get it. Either that, or the treatment isn't taking." R. Vol. II at 10. The government said that the only things that had not yet been tried were Narcotics Anonymous and Alcoholics Anonymous, but that "at some point, your Honor, we all have to face the realities of . . . limited resources." *Id.* at 11. Counsel for Mr. Rodriguez argued that there would "be no real utility to further supervision," *id.* at 15, so he should simply be punished for his drug use.

The district court responded that it was inclined to give Mr. Rodriguez a sentence lower than the maximum allowed and "give him another shot at supervision." *Id.* at 15. Explaining its reasoning, the court said: "I know probation officers are overworked. . . but I believe that's what we have them there for is to help people like this. And it's almost too easy to let these folks go . . . free and say. . . okay, you're free to go now. No more supervision, nobody looking over your shoulder, no chance for treatment. [But] [h]e's not going to go out and get treatment on his own." *Id.* at 15–16.

Defense counsel continued to argue against a term of supervised release, saying that Mr. Rodriguez would "rather do the year [in prison] and be done with this." *Id.* at 19. The district court explained that it was considering what was in

the best interests of Mr. Rodriguez and society, not simply his wants. The court continued: "I'm just a very, very strong believer in supervision for as long as possible, and hopefully somewhere along the line maybe he might just get the hint that what he's doing isn't real smart." *Id.* at 21. When counsel argued that the court should just "let go" of Mr. Rodriguez, it responded that "I never have operated that way, and I have no intention of starting today." *Id.* at 23. After speaking with Mr. Rodriguez, the court said "I never lose hope. . . When you go to hell, then you lose all hope. I don't think he's there, so I don't lose hope." *Id.* at 36.

The district court found that Mr. Rodriguez's supervised-release violations were Grade C, that his criminal history was level IV, and that the sentencing range recommended by the United States Sentencing Guidelines policy statements was therefore 6 to 12 months' imprisonment. *See* USSG § 7B1.4. It further found that Mr. Rodriguez was in need of additional counseling, treatment, and supervision. It sentenced him to 6 months' imprisonment, followed by two-and-a-half years of supervised release. Mr. Rodriguez timely appealed.

## II.  DISCUSSION

"In imposing a sentence following revocation of supervised release, a district court is required to consider both [Guidelines] Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (citation

omitted).  Among the § 3553(a) factors that the court must consider are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter the defendant from further criminal behavior and to protect the public, and the defendant's need for correctional treatment.  *See* 18 U.S.C. § 3553(a).  The district court "is not required to consider individually each factor listed in § 3553(a) nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *Cordova*, 461 F.3d at 1189 (internal quotation marks omitted).  We will uphold a sentence "if it can be determined from the record to have been reasoned and reasonable." *United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005) (internal quotation marks omitted).

Mr. Rodriguez does not argue that his sentence and term of supervised release were incorrectly calculated, or that the district court disregarded the Sentencing Guidelines.  Rather, he argues that the supervised-release term is unreasonable because the government, the probation office, and defense counsel urged the court not to impose it, and the court chose not to follow this advice.  But the court's sentence was both thoughtful and reasoned.  The record shows that in deciding whether to impose a supervised-release term the court considered the § 3553(a) factors, focusing on the need to deter Mr. Rodriguez from further drug use, his need for drug-abuse treatment, and protecting society.  It stated that probation officers were there to help people like Mr. Rodriguez, that having

someone "looking over [his] shoulder" upon his release from jail might make him get treatment, R. Vol. II at 16, and that it was a strong believer in supervised release.

The district court adequately considered the sentencing factors; and the sentence it imposed, including the term of supervised release, was not unreasonable. The court was not required to give up on Mr. Rodriguez simply because the probation office, the government, and defense counsel had.

## III.  CONCLUSION

We AFFIRM the judgment below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge