**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE EARL BURKS, JR.,

Defendant - Appellant.

No. 06-3423

(D. Kansas)

(D.C. No. 00-CR-40115-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **ANDERSON** and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant/appellant George E. Burks appeals the sentence imposed following his violation of the terms of his supervised release. We affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Burks pled guilty in 2001 to five counts of distributing crack cocaine and was sentenced to sixty months' imprisonment, followed by four years of supervised release. The district court then revoked Burks' initial term of supervised release and sentenced him to three months' custody, followed by 120 days in a half-way house. Accordingly, in March 7, 2006, Burks was released from prison and entered the half-way house. On April 10, 2006, Burks left the half-way house without permission and remained away without authorization.

As a result, on April 11, 2006, Burks' probation officer filed a petition with the district court, which was amended in November 2006, alleging that Burks had violated his supervised release by (1) leaving the half-way house without permission on April 10 and thereafter absconding from supervision, and (2) being convicted of driving without a license and speeding in Osage County, Kansas, on September 7, 2006.

At Burks' revocation hearing on November 21, 2006, Burks stipulated to the violations and the district court accordingly revoked his supervised release. The court noted that the highest grade of violation was a Grade C under the United States Sentencing Commission, Guidelines Manual ("USSG"), that his criminal history was category I, and that it was imposing a tentative sentence of twenty-one months. The court explained the sentence as follows:

As to justification, the Court has considered the nature and circumstances of these violations, the characteristics of the defendant, and the sentencing objectives by statute. The Court has also considered the advisory, non binding Chapter 7 statements issued by the Sentencing Commission.

Tr. of Hr'g at 5, R. Vol. II.

Burks then requested a sentence of twelve months and one day, even though he acknowledged that the advisory Guideline range for the violations was three to nine months. His counsel further conceded that "Burks admittedly just dropped his obligations to the Court and fled to Oklahoma." Id. at 8. Defense counsel also admitted that "we do recognize that Mr. Burks' conduct is qualitatively somewhat more severe than that guideline range may generally contemplate, which is why we aren't opposing a sentence above" the Guideline range. Id. at 12.

Burks' counsel then argued for the sentence of twelve months and one day on the ground that Burks was "somebody who hasn't been in his entire life in any real trouble except for the crack cocaine conviction" and further that, after absconding from the half-way house, Burks had been in Oklahoma operating an audio stereo business. Id. at 11-12. Burks' counsel finally argued that Burks had not returned to any criminal behavior.

After listening to those arguments, as well as a personal plea from Burks, the court stated that "the defense has not convinced the Court that there should be a different sentence than the Court has indicated originally." Id. at 14.

Accordingly, the court sentenced Burks to twenty-one months' imprisonment, followed by no further supervised release.

Burks appeals, arguing that the twenty-one-month sentence, which he characterizes as "a substantial departure from the guideline range of 3-9 months," was erroneously imposed because the court "failed to articulate why it imposed this particular sentence." Appellant's Br. at 5.

## DISCUSSION

"Because [Burks] did not object to the procedure by which his sentence was determined and explained, we may reverse the district court's judgment only in the presence of plain error." United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Accordingly, we consider first whether there was error in the court's determination of Burks' sentence. "In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a)." United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006) (internal citation omitted); see also 18 U.S.C. § 3583(e). The § 3553(a) factors include:

[T]he nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution.

United States v. Contreras-Martinez, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005). See 18 U.S.C. § 3553(a). The court, however, "is not required to consider individually each factor listed in § 3553(a)," nor must it "recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1258-59 (10th Cir. 2006) (internal quotations omitted). Further, we have stated that "imposition of a sentence in excess of that recommended by the Chapter 7 policy statements of the Sentencing Guidelines will be upheld 'if it can be determined from the record to have been reasoned and reasonable.'" United States v. Tedford, 405 F.3d 1159, 1161 (10th Cir. 2005) (quoting United States v. Tsosie, 376 F.3d 1210, 1218 (10th Cir. 2004)).

As the above factual recitation indicates, the district court's explanation, while certainly not expansive, was sufficient under our precedents. The court explained it had considered the "nature and circumstances of the[] violations," "the characteristics of" Burks, the "sentencing objectives" of the statute, as well as the advisory, non-binding statements of the Sentencing Commission in Chapter

7.  Further, the court listened to Burks' specific arguments why his sentence should be different and expressly rejected them.  No more specificity is required in our circuit, as we presume the district court has considered the appropriate factors the court has stated it has considered.  Finally, the sentence imposed was reasoned and reasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge