**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry Leco BEVERLY, Defendant–Appellant.**

No. 06–1229.

United States Court of Appeals, Tenth Circuit.

Sept. 6, 2007.

Paul Farley, Office of the United States Attorney, Denver, CO, for Plaintiff–Appellee.

Raymond P. Moore, Fed. Public Defender Temp, Matthew C. Golla, Office of the Federal Public Defender District of Colorado and Wyoming, Denver, CO, for Defendant–Appellant.

Before HENRY, BRISCOE, and O'BRIEN, Circuit Judges.

**ORDER AND JUDGMENT\***

TERRENCE L. O'BRIEN, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

---

\* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive val-

mously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Larry Beverly appeals from the district court's revocation of his second term of supervised release, asserting the court erred in sentencing him above the advisory guideline range. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. Background

In 1997, Beverly was sentenced to 92 months imprisonment for possession with intent to distribute and distribution of more than 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).[1] Beverly's prison term was followed by a 5-year term of supervised release. Among other things, the conditions of supervised release directed Beverly to (1) not purchase, possess or use controlled substances, (2) submit to periodic drug testing, and (3) participate in a drug treatment program.

On March 1, 2005, Beverly admitted to violating the conditions of his release by possessing and using a controlled substance, failing to reside in and comply with the rules of the community corrections center, and failing to participate in drug and alcohol treatment. The court revoked Beverly's supervised release status and sentenced him to 12 months imprisonment to be followed by a 4-year term of supervised release. The conditions of Beverly's second supervised release were similar to the first.

Beverly was released from prison and began serving his second term of supervised release on December 27, 2005. He was referred to a center for substance abuse treatment. On January 10 and 23, 2006, Beverly tested positive for cocaine. The court was informed of the January 10 positive drug test, but deferred revocation and offered Beverly the chance to participate in an inpatient drug treatment program. Beverly was referred to an inpatient treatment center on January 27, 2006, but tested positive again on February 28 and March 20, 2006.[2]

Thereafter, Beverly's probation officer prepared a Supervised Release Violation Report identifying six violations of the conditions of his supervised release. Using the advisory policy statements in Chapter 7 of the United States Sentencing Guidelines Manual, the parol officer calculated the sentencing range as 6–12 months imprisonment. *See* USSG § 7B1.4(a). However, the probation officer recommended Beverly be sentenced to 24 months imprisonment.

At sentencing, Beverly admitted to four violations of his supervised release conditions based on his having tested positive for cocaine. The probation officer stated he recommended a 24-month sentence so Beverly could be eligible for the Bureau of Prisons' 500-hour drug treatment program considering his failure to make it in the community outpatient and inpatient programs. After a lengthy discussion with Beverly and Beverly's counsel, the court sentenced him to 24 months imprisonment:

> It's worth noting that this is the defendant's second term of supervised release. The defendant appears before

---

ue consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. While serving this sentence, Beverly completed the Bureau of Prisons' 500-hour drug treatment program.

2. The record does not contain dates of Beverly's inpatient stay. However, it does reflect a continued use of drugs during inpatient treatment.

the Court today facing nearly identical violations which resulted in the first revocation of his supervised release. The Court is convinced that the defendant does ... present a serious risk to the community by using drugs and alcohol. The Court previously deferred revocation when the defendant's drug use commenced following his release from the custody of the Bureau of Prisons. Therefore, I find that a sentence above the Guideline range of six to 12 months is warranted.

I would note as well that taking into account the sentencing factors found in ... 18 U.S.C. section 3553(a), those factors cry out on the record before me for a sentence above the advisory Guideline range and the Court affirmatively finds that the sentence which it will impose today is a reasonable sentence within the meaning of the law.

Based on [the] Court's finding that the defendant has violated the conditions of supervised release as alleged in the probation officer's petition, it is ordered and adjudged that the defendant's supervised release is revoked and defendant is sentenced to the custody of the Bureau of Prisons for a period of 24 months. . . .

Let me just note, when Mr. Beverly completes his period of incarceration, there will not be any further period of supervised release imposed. 'Cause I think it would be a waste of time with this defendant.

(R. Vol. XI at 21–23.) Beverly timely filed his notice of appeal.

## II. Discussion

Beverly asserts his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and unjustified by the facts. "Although the Supreme Court's decision in

*United States v. Booker* altered our standard of review for most sentencing cases, the standard of review for cases where the defendant challenges the revocation of [his] supervised release remains the same." *United States v. Tedford,* 405 F.3d 1159, 1161 (10th Cir.2005). We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Tsosie,* 376 F.3d 1210, 1217–18 (10th Cir.2004), *cert. denied,* 543 U.S. 1155, 125 S.Ct. 1298, 161 L.Ed.2d 122 (2005). "[W]hen imposing a sentence for violating the conditions of supervised release, the district court must consider the policy statements in Chapter 7 of the Sentencing Guidelines." *United States v. Kelley,* 359 F.3d 1302, 1304–05 (10th Cir.2004).

"[I]mposition of a sentence in excess of that recommended by the Chapter 7 policy statements ... will be upheld 'if it can be determined from the record to have been reasoned and reasonable.'" *Tedford,* 405 F.3d at 1161 (quoting *Tsosie,* 376 F.3d at 1218). In making this determination, we consider whether the sentence was reasoned, or calculated properly under the advisory guidelines, and whether the sentence is reasonable in light of the factors enumerated in 18 U.S.C. § 3553(a). *United States v. Kristl,* 437 F.3d 1050, 1054–55 (10th Cir.2006). However, "the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence." *Kelley,* 359 F.3d at 1305. "We do not require 'a ritualistic incantation to establish consideration of a legal issue,' nor do we demand that the district court 'recite any magic words' to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *Id.* (quoting *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999)). "Rather, it is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence." *Id.*

Beverly's sentence is both reasoned and reasonable. The district court considered the Chapter 7 policy statements and articulated its justification for varying from those statements. Although the court made only a perfunctory reference to § 3553(a), it clearly took the factors into consideration-even going so far as to say they "cry out" for a sentence above the advisory range. (R. Vol. XI at 22.)

The district court discussed the nature and circumstances of Beverly's offense and his history and characteristics under § 3553(a)(1), noting: "This is the defendant's second [revocation] of supervised release ... [for] nearly identical violations which resulted in the first revocation of his supervised release." (R. Vol. XI at 21.)

The district court also considered the need for Beverly's sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense and afford adequate deterrence to criminal conduct under § 3553(a)(2)(A), (B). In response to defense counsel's suggestion for a sentence one day over 12 months, it said:

> Well, it didn't work before. I sentenced him to 12 months and he got out of jail and started using drugs. It would seem to me that Mr. Beverly—the bottom line, Mr. Beverly, when I hear you talk and think about what you've done, I just think that the desire to be high is greater than any other desire you have in your life. It's more important than your self-respect, it's more important than your kids, it's more important than your grandkids, it's more important than your liberty; and when someone tells me through their actions that all they care about is being high, I think I have to act accordingly.

(R. Vol. XI at 20.)

Beverly argues the facts do not support a sentence greater than the Chapter 7 advisory range because (1) he has already completed the Bureau of Prisons' 500–hour program and (2) he is not a serious risk to the community because he did not commit other crimes such as burglary or robbery in order to obtain money to buy cocaine. We need not belabor these points because regardless of the fact Beverly has already completed the Bureau's program, rehabilitation may be considered in determining the length of sentence for revocation purposes. *Tsosie*, 376 F.3d at 1217 ("Congress intended a district court to consider the medical and correctional needs of an offender in determining how much time that offender should be required to serve in prison after it becomes clear he will not abide by the conditions of his supervised release if he is not confined."). Furthermore, we cannot say the district court's finding that Beverly's drug use presents a serious risk to the community is clearly erroneous. Beverly's belief that his actions have no impact on the community around him is idealistic at best. Beverly's drug use-a crime and a violation of a condition of his supervised release-did not occur in a vacuum. There is sufficient evidence in the record to support the district court's conclusion and we will not disturb it.

**AFFIRMED.**