**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

CALVIN WILLIAMS,

   Defendant - Appellant.

No. 07-3266

(D. Kansas)

(D.C. No. 98-CR-10072-WEB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Calvin L. Williams pled guilty on November 23, 1998, to possession with intent to distribute cocaine, and was sentenced to seventy months' imprisonment, followed by three years of supervised release. On

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

February 28, 2005, the district court determined that Williams had violated the terms of his supervised release and it revoked his supervision and sentenced him to thirty months' imprisonment, followed by eighteen months' of supervised release.

On May 23, 2007, a summons was issued to Williams, seeking his presence at a hearing to modify the conditions of his supervised release. Williams, however, failed to appear at the scheduled June 12, 2007, hearing. He claimed he never received the summons and was therefore unaware that he needed to appear in court, although, as explained below, the record does not support that claim. See n.1, *infra*. A warrant was then issued for his arrest.[1]

---

[1]The district court described this sequence of events as follows:

On May 23, 2007, the court ordered that a summons be issued to the defendant to appear and show cause why the conditions of his supervised release should not be modified. The defendant was served with the summons, . . . and he appeared before the Magistrate Judge for an initial appearance on June 4, 2007. The defendant was represented by appointed attorney Jon Womack. Defendant was told to appear "as directed" before this court for a final hearing. On June 7, 2007, the court issued notice electronically of a final hearing on the petition, which was set for June 12, 2007. The electronic notice was served on defendant's counsel. The case was called on June 12, 2007, for hearing, but the defendant failed to appear. Mr. Womack informed the court that he had been unable to get a hold of the defendant. Based on the defendant's failure to appear, the court issued a bench warrant for the defendant's arrest. Defendant was subsequently arrested on August 18, 2007, and the court scheduled a revocation hearing for August 28, 2007.

Order at 1-2, R. Vol. I, doc. 74. The record supports those findings.

A revocation hearing was ultimately held on August 28, 2007, at which Williams was present. Prior to that hearing, the United States Probation Office reported to the court that Williams had again violated the terms of his supervised release, in that he failed to report to the probation office, he failed to submit to drug tests on five occasions, and he failed to attend counseling sessions on four occasions. The court asked if Williams wished to challenge those allegations. After consulting with his attorney at the hearing, Williams admitted that he had failed to report to the probation office, thereby violating that term of his supervised release. Based on that concession, the court found that Williams had violated his supervised release and revoked the term of imprisonment. The court then made the following findings:

> The highest grade of violation was C, Criminal History Category is 4. The tentative sentence is six months. There will be no further terms of supervised release after he gets out of his six months.
>       The justification: The Court has considered the nature and circumstances of the violations, the characteristics of the defendant, and the sentencing objectives required by statute. The Court has also considered the advisory, nonbinding, Chapter 7 policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 99-4(a)2.
>       The Court intends to revoke the defendant's supervised release, sentence him to six months confinement. The imposition of supervised release previous is not authorized if the maximum term of imprisonment is imposed.

R. Supp. Vol. I at 7-8.

Williams appointed counsel, Jon Womack, has filed an <u>Anders</u> brief and moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).

Williams has not filed a response, and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and on our own review of the record. Williams' counsel represents that Williams believes his counsel (Womack) was ineffective, and that his supervised release should be reinstated because his due process rights under the Fifth Amendment were violated during the revocation process and his Fourteenth Amendment rights were violated as a result of that due process violation.

For the reasons set forth below, we agree with Womack that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeals would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744). We agree with counsel that there is no nonfrivolous issue related to the district court's revocation of Williams'

supervised release and imposition of a sentence in this case. We see no indication of ineffective assistance of counsel, nor do we perceive any constitutional violation in the revocation proceedings.

When a defendant violates a condition of supervised release, a district court may revoke the term of supervised release and impose imprisonment. 18 U.S.C. § 3583(e)(3); United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004). In reviewing a sentence imposed after revocation of supervised release, we normally review the district court's findings of fact for clear error and its legal conclusions de novo. Kelly, 359 F.3d at 1304; see also United States v. Telford, 405 F.3d 1159, 1161 (10th Cir. 2005) ("Although the Supreme Court's decision in United States v. Booker altered our standard of review for most sentencing cases, the standard of review for cases where the defendant challenges revocation of [his] supervised release remains the same."). "[W]hen imposing a sentence for violating the conditions of supervised release, the district court must consider the policy statements in Chapter 7 of the Sentencing Guidelines." Kelly, 359 F.3d at 1304-05. Additionally, the court is required to consider the factors provided in § 3553(a). The court in this case considered both of those. We will overturn a sentence imposed as a result of a violation of supervised release only if it is "plainly unreasonable." Id. at 1304. There is no serious nonfrivolous argument that the sentence in this case was plainly unreasonable, or that Williams'

constitutional rights were violated in any way in the revocation of his supervised release and the imposition of that sentence.[2]

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]Williams received due process in the revocation proceeding. He was given notice at the hearing of the charges against him, he was represented by his attorney, he asked for and received time to consult with his attorney, and he admitted he had violated the terms of his supervised release. Assuming, arguendo, that any fragment of due process was left unattended in this case, Williams clearly waived any right to such further due process. And, in any event, his counsel failed to object to any claimed due process violation, so we would review any claimed violation for plain error. There is no plain error here. See United States v. Olano, 507 U.S. 725 (1993). The same conclusions and analysis would apply equally to Williams' entitlements under Fed. R. CIM. P. 32.1(b) — i.e., he either received that to which he was entitled under the Rule, or waived application of the Rule in certain parts; and, in any event, there was no objection by counsel. Rather, Williams confessed to the violation in open court after consulting with counsel, and, in a situation where, it is clear from the record that the district court would have granted time if more time had been requested.