UNITED STATES COURT OF APPEALS Elisabeth A. Shumaker
Clerk of Court

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GERALD ROBEY BROWN,

Defendant–Appellant.

No. 07-6127
(D.C. No. 98-CR-149-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Gerald Robey Brown appeals his sentence of one year and one day of imprisonment imposed following revocation of his supervised release. Brown's counsel moves for leave to withdraw from the case in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). Because we conclude that each of the arguments raised by Brown and his counsel are frivolous, we **AFFIRM** his sentence, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

Brown was convicted of involuntary manslaughter in Indian country in violation of 18 U.S.C. §§ 1112 and 1153. On May 10, 2001, the district court sentenced Brown to 21 months' imprisonment followed by three years of supervised release. Having already served his entire term of imprisonment prior to sentencing, Brown commenced service of his supervised release on May 11, 2001. Among other standard terms of his period of release, the court conditioned Brown's release on his refraining from committing "another federal, state or local crime."

Within approximately one year of his placement on supervised release, Brown pleaded guilty in Oklahoma state court to committing indecent or lewd acts with a child under the age of 16, a violation of Oklahoma law. See Okla. Stat. tit. 21, § 1123. On August 12, 2002, the state court sentenced him to ten years' incarceration, with five years of the sentence suspended.

Following completion of his state sentence in May 2007, the United States petitioned the district court to revoke Brown's federal supervised release because Brown had committed the state crime. After a hearing on the issue, the district court found, by a preponderance of the evidence, that Brown's state court conviction was valid and that Brown had therefore violated the terms of his supervised release. It thus revoked his remaining period of release, which had been suspended pending completion of his state sentence.

In determining the appropriate sentence for Brown's violation, the district court considered the applicable policy statements contained in Chapter 7 of the United States Sentencing Guidelines ("Guidelines"), which called for a sentencing range of 12-18 months' imprisonment. Agreeing with Brown that a sentence at the bottom of the range was appropriate, the court imposed a sentence of one year and one day imprisonment to be followed by an additional period of supervised release of one year and 364 days.[1] Brown has timely appealed the court's imposition of that sentence. We have jurisdiction under 28 U.S.C. § 1291.

## II

If an attorney conscientiously examines a case and determines that any appeal would be wholly frivolous, counsel may "so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that would potentially present an appealable issue. Id. The client may then choose to "raise any points that he chooses" in response to counsel's brief. Id. If, upon complete examination of the record, the court determines that the appeal is in fact frivolous, it may grant the request to withdraw and dismiss the appeal. Id.

---

[1] According to the district court, it imposed a sentence of one year and one day of imprisonment so that Brown would be eligible to receive good time credits from the Bureau of Prisons, which could potentially reduce his sentence by 52 days.

Acting pursuant to <u>Anders</u> in the present case, counsel has filed a brief raising one arguably appealable issue: Did the district court adequately explain the sentence imposed at the revocation hearing such that this court can consider whether it is a reasoned and reasonable sentence? Counsel provided Brown with a copy of the appellate brief, and Brown has declined the opportunity to file a pro se brief in response. He has, however, filed a letter with the court raising two additional arguments, which we construe liberally. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). In his letter, he states that he did not sign the plea agreement in the state court case, and claims that he is legally incompetent and requests that we order a competency evaluation to be performed by independent physicians.

**A**

Brown's counsel urges that the district court did not adequately explain the sentence imposed with reference to the factors set forth in 18 U.S.C. § 3553(a) and Chapter 7 of the Guidelines. As a result, argues counsel, this court cannot determine whether the sentence imposed is reasoned and reasonable, and the sentence must be vacated as procedurally unreasonable and the case remanded for resentencing. We disagree.

When a defendant violates a condition of supervised release, a district court may revoke the term of supervised release and impose imprisonment. 18 U.S.C. § 3583(e)(3); <u>United States v. Kelley</u>, 359 F.3d 1302, 1304 (10th Cir. 2004). In

reviewing a sentence imposed after revocation of supervised release, we normally review the district court's findings of fact for clear error and its legal conclusions de novo. Kelley, 359 F.3d at 1304; see also United States v. Tedford, 405 F.3d 1159, 1161 (10th Cir. 2005) ("Although the Supreme Court's decision in United States v. Booker altered our standard of review for most sentencing cases, the standard of review for cases where the defendant challenges the revocation of her supervised release remains the same."). When a defendant fails to raise a contemporaneous objection to the district court's allegedly inadequate explanation of the sentence imposed, however, we review the district court's determinations only for plain error. United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2006); see also United States v. Cordova, 461 F.3d 1184, 1186 (10th Cir. 2006) (applying plain error review to a sentencing argument challenging the revocation of a term of supervised release). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Ruiz-Terrazas, 477 F.3d at 1199. We resolve this case on the first step of this analysis, as the district court simply did not err.

Before imposing a sentence following revocation of supervised release, a district court is required to consider both the factors provided in § 3553(a) and the policy considerations in Chapter 7 of the Guidelines. Cordova, 461 F.3d at 1188. The § 3553(a) factors include:

> [T]he nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

United States v. Contreras-Martinez, 409 F.3d 1236, 1242 n.3 (10th Cir. 2006). In explaining the sentence imposed, the court need not individually list each factor, nor "recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1258-59 (10th Cir. 2006) (quotations omitted).

Although certainly not exhaustive, the district court's explanation of the sentence was sufficient to show that it reached a well-reasoned sentence. Prior to imposing a term of imprisonment, the district court heard arguments from Brown's counsel as to the proper sentence. In those arguments, counsel specifically addressed several of the relevant sentencing factors that the court would need to consider and cited to "the goals of sentencing under 3553." Then, only after hearing counsel's contentions and Brown's request for a sentence at the bottom of the recommended range, did the court impose a sentence.

Additionally, throughout the hearing, the court and counsel discussed several of the relevant § 3553(a) and Chapter 7 factors. For example, the court remarked that it had heard the testimony and evidence presented by the witnesses

- 6 -

regarding Brown's violation of state law—undoubtedly a reference to the nature and circumstances of the offense conduct. <u>See</u> 18 U.S.C. § 3553(a)(1). The court also mentioned the defendant's mental health history. We view this as an implicit reference to Brown's history and characteristics, as well as the need to afford him necessary treatment. <u>See</u> § 3553(a)(1) & (2)(D). Moreover, by recognizing the applicable Guidelines range under Chapter 7, the court clearly considered the recommended term of imprisonment. <u>See</u> § 3553(a)(4)(B). Finally, the court noted the state crime for which Brown had been convicted, and considered the fact that Brown had already served five years of prison time in relation to that crime. <u>See</u> § 3553(a)(2)(A) & (B).

In short, the record amply demonstrates that the district court's sentence was adequately explained and that the court was mindful of the relevant sentencing considerations. We thus find no procedural error in the record.

**B**

We construe Brown's argument that he did not sign the plea agreement underlying his conviction in the state court case as a claim that the district court erred in finding that he had violated the terms of his supervised release by committing a state crime. We review the district court's factual findings in connection with its decision to revoke Brown's period of supervised release for clear error. <u>See</u> <u>United States v. Hall</u>, 984 F.2d 387, 390 (10th Cir. 1993).

Having carefully reviewed the transcript of the revocation hearing, we discern no clear error in the district court's conclusion that Brown's state court conviction was valid. Brown failed to present any evidence that he did not sign the plea agreement, and the testimony presented at the hearing was more than sufficient to show that he had been convicted under Oklahoma law of committing indecent or lewd acts with a child under the age of 16. Indeed, his own counsel stated that "he pled guilty to that offense."

## C

As to the competency issue, we interpret Brown's claim to be one of procedural error, i.e., that the district court should have held a competency hearing. See McGregor v. Gibson, 248 F.3d 946, 952 (10th Cir. 2001) (en banc) ("A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing . . . ."). In order to prevail on such a claim, Brown must "establish that a reasonable judge should have had a bona fide doubt as to his competence at the time of trial." Id. at 954. A criminal defendant is competent if he possesses "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] he has a rational as well as a factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960).

Nothing in the record indicates that Brown was unable to consult with his lawyer or understand the revocation proceedings against him.[2]  When given an opportunity to speak at the revocation proceeding, Brown stated that he was innocent of the underlying state crime and that he had not signed the plea agreement that served as the basis for his guilty plea in that case.  By virtue of these arguments, it is clear that Brown understood the charges against him and appreciated the fact that the government had just put two witnesses on the stand who testified as to his guilt in the state case.  Moreover, his counsel noted that he had met with Brown prior to the revocation hearing and that Brown had asserted his disagreement with the allegations in the petition filed by the government.  These are not the actions of a defendant who lacks understanding of the proceedings against him.  Considering the entirety of the record, we conclude that a reasonable judge would not have had a bona fide doubt as to Brown's competence at the revocation hearing.  We thus reject Brown's request that we order a competency evaluation.

---

[2] We recognize that Brown has a prior history of mental illness and that a district court previously found him to be incompetent for a short period of time prior to his initial trial in his federal case.  He was, however, determined to be competent to stand trial in that case.

## III

For the foregoing reasons, we **AFFIRM** Brown's sentence, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge