FILED
United States Court of Appeals
Tenth Circuit

January 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HECTOR HERNANDEZ-CORNEJO,

    Defendant - Appellant.

No. 11-2046
(D.C. No. 2:10-CR-03131-JEC-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

In this direct criminal appeal, Defendant-Appellant Hector Hernandez-Cornejo

pleaded guilty to unauthorized reentry after removal, in violation of 8 U.S.C. § 1326(a)

and (b), and admitted that the reentry was in violation of the conditions of his probation

for a prior illegal reentry conviction. The district court sentenced Hernandez-Cornejo to

---

[*] After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1

a term of 41 months' imprisonment for the illegal reentry and a term of 18 months' imprisonment for the probation violation, to be served consecutively. Hernandez-Cornejo challenges the district court's decision to order the sentences to be served consecutively. We have jurisdiction under 28 U.S.C. § 1291, and AFFIRM.

## I. BACKGROUND

In April 2010, Hernandez-Cornejo was convicted in Utah state court of distribution of a controlled substance. The state court conviction led to a federal indictment in the District of Utah for unauthorized reentry by a previously removed alien.[1] Hernandez-Cornejo pleaded guilty to the federal reentry charge and, in July 2010, was sentenced to 60 months' probation. As a special condition of probation, he was prohibited from reentering the United States illegally. Hernandez-Cornejo was deported on August 5, 2010.

On September 18, 2010, Hernandez-Cornejo reentered the United States without authorization, and was apprehended by U.S. Border Patrol agents in New Mexico. Based on this September 18 reentry, Hernandez-Cornejo was charged by information in the District of New Mexico with violating 8 U.S.C. § 1326(a)(1) and (b)(2) (unauthorized reentry by a previously removed alien, where the alien has previously been convicted of an aggravated felony). In a separate proceeding in the District of Utah, but also based on

---

[1] Prior to the proceedings in the Utah state and federal courts, Hernandez-Cornejo had been removed from the United States on or about October 14, 2008.

the September 18 reentry, a petition for revocation of probation was filed by the U.S. Probation Officer and granted by the district court. Jurisdiction over the probation revocation case was subsequently transferred to the District of New Mexico.

Hernandez-Cornejo pleaded guilty to the reentry charge. The presentence investigation report ("PSR") calculated his offense level as 17 and his criminal history category as V, yielding an advisory range of 46 to 57 months under the Guidelines. In his plea agreement, however, which the district court accepted, Hernandez-Cornejo and the Government stipulated to an offense level of 16, which reduced his advisory range to 41 to 51 months. The district court sentenced Hernandez-Cornejo to forty-one months for the reentry offense.

At the same sentencing hearing, Hernandez-Cornejo admitted to violating the terms of his probation. He requested that any sentence imposed for the probation violation run concurrently with his 41-month sentence for illegal reentry. He argued that he reentered the country only to find and help his son, who was in foster care, and that a sentence of 41 months was already many times longer than any sentence he had faced in the past. The Government did not oppose this request for a concurrent sentence but noted countervailing factors, including the need to avoid sentencing disparities and correctly to reflect Hernandez-Cornejo's criminal history. The district court considered the factors enumerated in 18 U.S.C. § 3553(a), calculated an advisory range of 18 to 24 months under the Guidelines, noted the advisory nature of the Guidelines, and sentenced

Hernandez-Cornejo to 18 months' imprisonment for the probation violation.  The district court ordered the sentence to run consecutively to the illegal reentry sentence.

## II.  DISCUSSION

Hernandez-Cornejo does not challenge his 41-month sentence for illegal reentry, nor does he make any challenge to the calculation of his probation violation sentence.  He argues only that his 18-month sentence for violating his probation is substantively unreasonable because imposing it consecutive to his 41-month sentence for illegal reentry was "harsher than necessary to satisfy the sentencing goals set forth under 18 U.S.C. § 3553(a)."

When a defendant challenges his sentence as substantively unreasonable, we review for an abuse of discretion.  Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Sells, 541 F.3d 1227, 1237 (10th Cir. 2008).  Similarly, we review the district court's decision to impose consecutive sentences for an abuse of discretion.  See United States v. Fay, 547 F.3d 1231, 1235 (10th Cir. 2008).  An abuse of discretion will be found when the sentence is "arbitrary, capricious, whimsical, or manifestly unreasonable."  United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008).  A sentence within the Guidelines' advisory range is presumed reasonable.  United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006).

A court may revoke a probationer's probation and resentence him for violating the conditions of his probation.  18 U.S.C. § 3565(a)(2).  The United States Sentencing

4

Commission is authorized to promulgate policy statements concerning violations of probation and supervised release. See 28 U.S.C. § 994(a)(3). Those policy statements are in Chapter 7 of the U.S. Sentencing Guidelines Manual, and they treat violations of probation and violations of supervised release as "functionally equivalent." U.S. Sentencing Guidelines Manual, ch. 7, pt. B, introductory cmt. They delineate three categories of probation violations. Id. § 7B1.1. Advisory sentence ranges for these violations are calculated based on the category of violation and the defendant's criminal history. Id. § 7B1.4. The policy statements further provide that

> [a]ny term of imprisonment imposed upon the revocation of probation or supervised release <u>shall be ordered to be served consecutively</u> to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Id. § 7B1.3(f) (emphasis added). A district court imposing sentence for a probation violation must consider these policy statements as well as the factors provided in 18 U.S.C. § 3553(a), see <u>United States v. Tedford</u>, 405 F.3d 1159, 1161 (10th Cir. 2005); however, no "magic words" are necessary to show that a district court has fulfilled this duty, see id.

Here, the district court determined that Hernandez-Cornejo's illegal reentry constituted a Grade B violation,[2] and that his criminal history category was V. Together

---

[2] A Grade B violation is any federal or state crime that is punishable by a term of imprisonment of more than one year, but is not a crime of violence, a drug or weapons crime, or a crime punishable by more than 20 years in prison. U.S.S.G. § 7B1.1(a)(1), (2).

5

these yielded an advisory range of 18 to 24 months' imprisonment for the probation violation, and the district court sentenced Hernandez-Cornejo to 18 months. The record reveals further that the district court reviewed the PSR; it considered the necessary "factors set forth in 18 U.S.C. § 3553(a)(1) through (7)"; it specifically cited to policy statement § 7B.1.1; it calculated the advisory range in keeping with § 7B1.4; it observed that the sentencing Guidelines were "advisory" only; it imposed a sentence within the range; and it imposed that sentence consecutively with another in keeping with § 7B1.3(f). The district court did not explicitly address, but was apparently unmoved by, Hernandez-Cornejo's arguments that he reentered the country only to find and help his son, and that he had never previously been sentenced to a term longer than six months.

On these facts we find nothing "arbitrary, capricious, whimsical, or manifestly unreasonable," Muñoz-Nava, 524 F.3d at 1146, about the district court's decision to impose a probation violation sentence within the relevant advisory range. Further, we conclude on these facts that it was reasonable for the district court to follow the Sentencing Commission's recommendation that, as a matter of policy, that sentence should be ordered to be served consecutively with any other sentence of imprisonment. Cf. United States v. Galarza-Payan, 441 F.3d 885, 889-90 (10th Cir. 2006) (upholding the reasonableness of the length of a within-Guidelines sentence despite the defendant's arguments that his family ties were not adequately considered). And to the extent the district court's decision to impose the sentence consecutively rested implicitly on its placing greater weight on the need to avoid sentencing disparities, this court does not

6

question the district court's weighing of factors.  See United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008) (an appellate court's disagreement with the district court's application of the sentencing factors does not support a holding that the district court abused its discretion).  It was not an abuse of discretion for the district court to decline to impose concurrent sentences based on Hernandez-Cornejo's family situation or relatively short prior sentences.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's imposition of an 18-month sentence for Hernandez-Cornejo's probation violation, to be served consecutively to his 41-month illegal reentry sentence.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge