FILED
United States Court of Appeals
Tenth Circuit

January 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR HERNANDEZ-CORNEJO,

Defendant - Appellant.

No. 12-2134
(D.C. Nos. 1:12-CV-00480-JEC-WPL;
2:10-CR-03131-JEC-1
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Hector Hernandez-Cornejo seeks to appeal from the district court's denial of his

motion for post-conviction relief under 28 U.S.C. § 2255. The motion argued he had

received ineffective assistance of counsel because his attorney had not sought a

"reduction from the guidelines range based on [the] fast-track early disposition program

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

for illegal aliens." (R. Vol. I at 7.) He seeks a sentence reduction to conform the term of his incarceration to the terms of persons sentenced under the fast-track program.

Two convictions led to Hernandez-Cornejo's incarceration. On the more recent conviction, he pled guilty to illegal re-entry after removal and was sentenced to imprisonment for 41 months. Because this offense also violated the terms of his probation for a prior illegal reentry conviction, the court revoked his probation and resentenced him to a prison term of 18 months to run consecutively with the 41-month term.[1] *See* 18 U.S.C. § 3565(a)(2) (allowing the sentencing court to revoke probation and resentence a defendant who violates the conditions of probation). We affirmed these sentences on direct appeal. *United States v. Hernandez-Cornejo*, 447 F. App'x 909, 910 (10th Cir. 2012) (concluding the sentences were substantively reasonable).

Hernandez-Cornejo then filed the § 2255 motion now at issue. The district court dismissed the motion. As the court explained, his sentences already accounted for any fast-track disparities. On his more recent conviction, his sentence "included a downward departure [for] the District's early disposition program." (R. Vol. I at 30.) While the ordinary offense level for illegal re-entry after removal is 17, he reached a bargain with prosecutors to be sentenced under the milder offense level of 16. At sentencing, the district court accepted the bargain "as . . . the agreed offense level departs for justifiable

---

[1] The District of Utah, where Hernandez-Cornejo was originally prosecuted, transferred jurisdiction over the probation revocation case to the District of New Mexico. *Hernandez-Cornejo*, 447 F. App'x at 910. This enabled the district court to address his resentencing on the earlier conviction and sentence him for the more recent conviction at a single hearing. *Id.*

reasons, which include the adoption by the Attorney General and the United States Attorney for this district of the early disposition program." (Sentencing Tr., 2:10-CR-03338-JEC, Doc. 21, at 3.) This downward departure resulted in a 5-6 month reduction in his term of imprisonment.

Moreover, in his earlier illegal re-entry case, Hernandez-Cornejo actually participated in the fast-track program. Thus, the district court found he had "received the benefit of fast-track programs in both of his criminal prosecutions" and concluded "his claim that his attorney provided ineffective assistance by failing to request a fast-track departure present[ed] no grounds for relief." (R. Vol. I at 30.) It also denied him a Certificate of Appealability (COA). Without explaining why he believes the court erred in denying his motion, he reapplies for a COA here.

A COA is a jurisdictional prerequisite to our review of a motion for relief under § 2255. 28 U.S.C. § 2253(a), (c)(2); *United States v. Gonzales*, 596 F.3d 1228, 1241 (10th Cir. 2010). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means the applicant must present a reasonably debatable issue "deserv[ing] encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citation and quotation marks omitted). We undertake a preliminary legal analysis of the COA applicant's claims to identify such issues. *See Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003).

Here, our preliminary analysis shows the district court was correct—Hernandez-Cornejo's sentences already reflect the reductions he seeks. On his first conviction, he actually participated in the fast-track program. On the second, he received a five to six

month reduction to place him in parity with fast-track program participants. Thus, his sentences already conform to those of fast-track program participants, and he has no cause to complain of his trial counsel's performance at sentencing. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984) (holding ineffective assistance of counsel is remediable only on a showing of deficient representation and prejudice).

We DENY Hernandez-Cornejo's application for a COA and DISMISS this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge